**SAFEWAY STORES, Inc., v. PORTER,**
*Price Administrator.*

**No. 281.**

United States Emergency Court of Appeals.

Heard at Washington March 9, 1946.

Decided March 29, 1946.

Writ of Certiorari Denied June 10, 1946.

See 66 S.Ct. 1367.

Elisha Hanson,. of Washington, D. C. (Eliot C. Lovett, of Washington, D. C., on the brief), for complainant.

James A. Durham, Atty., Office of Price Administration, of Washington, D. C. (Richard H. Field, Gen. Counsel, Jacob D. Hyman, Associate Gen.'Counsel, and John O. Honnold, Jr., Chief, Court Review Price' Branch, and Prentice A. Hilburn, all of the Office of Price Administration, all of' Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.

MARIS, Chief Judge.

The complainant seeks to set aside Maximum Price Regulation No. 422—Ceiling Prices of Certain Foods Sold at Retail in Group 3 and Group 4 stores,[1] as amended by Amendment No. 32, issued on October 16, 1944.[2] Its protest against the regulation as amended was denied November 7, 1945.

MPR 422 was the subject of earlier protests by the complainant culminating in a proceeding brought by it in this court.

---

Safeway Stores v. Bowles, Em.App.1944, 145 F.2d 836, certiorari denied 324 U.S. 847, 65 S.Ct. 684. The regulation was fully considered in the opinion in that case and the discussion of it there need not be repeated. It is sufficient here to say that Amendment 32 permits retailers who purchase fresh fruits and vegetables in carlot or trucklot quantities from growers, country shippers, primary sellers or grower-packers to add 1½% to the delivered cost of such items in computing the net cost base to which the maximum markups of MPR 422 are applied.

Amendment 32 was designed to afford to those retail chain store organizations which purchase fresh fruits and vegetables in large quantities at an early stage in the distribution process additional compensation for the pre-warehousing functions which they perform but which in the case of other retailers are performed by independent handlers of the produce. As pointed out in the opinion of this court in the prior case the Administrator concluded that the maximum markups of MPR 422 did not fully reflect the expenses incidental to purchasing fresh fruits and vegetables in the manner indicated and he therefore provided the 1½% allowance in question.

The complainant's attack on the validity of the regulation as amended is made on two grounds. Its first and principal objection is that the regulation is discriminatory because the allowance of 1½% for pre-warehousing services which is made to the complainant is less than the amounts authorized by Revised Maximum Price Regulation No. 271[3] and Maximum Price Regulation No. 426[4] to be charged for the same services by carlot distributors, jobbers and other independent handlers. It also sees discrimination in the fact that the allowance provides the complainant with a base upon which to compute its retail prices which is lower than the cost base upon which its competitors who pay others for pre-warehousing services are permitted to compute their retail prices. The respondent says that these objections are merely a renewal of objections which the complainant made in the earlier protest proceedings and which were ruled against it by this court when we dismissed its earlier complaint. The respondent urges therefore that the complainant is barred by principles of res judicata from relitigating in the present proceeding the issue of discrimination.

▮ The respondent's contention in this respect must be sustained. The record of the earlier case and the opinion filed by this court therein disclose that substantially the same objections with respect to the alleged discriminatory effect of the regulation were raised, considered at length, and decided adversely to the complainant. The respondent urges, as we have said, that the principles of res judicata apply to a suit, such as this one, which is brought to review and set aside a regulation or order of an administrative agency. He cites Grubb v. Public Utilities Comm., 1930, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972. We need not now decide, however, whether the dismissal of a complaint by this court would operate to bar the complainant from subsequently raising an objection to the validity of the regulation in question which might have been but was not raised in the original protest and complaint. It is sufficient for the purposes of this case to hold, as we do, that the complainant is estopped from raising a second time in this court a ground of objection which the court has previously decided against it.[5]

▮ The complainant's other objection is that the allowance of 1½% is inadequate to compensate it for the performance of the functions which that allowance was designed to cover. Since Amendment 32 was adopted after the filing of the complainant's earlier protests no estoppel to raise this objection can arise. However, the burden was on the complainant to present in support of the objection evidence that in operation the allowance was so inadequate as to render the regulation not generally fair and equitable. Montgomery Ward & Co. v. Bowles, Em.App.1943, 138 F.2d 669; Gillespie-Rogers-Pyatt Co. v. Bowles, Em.App. 1944, 144 F.2d 361; Fournace v. Bowles, Em.App.1945, 148 F.2d 97, certiorari denied 325 U.S. 884, 65 S.Ct. 1573. This burden of proof the complainant wholly failed to meet. On the contrary what the transcript discloses on this point is that the Ad-

[3] 8 F.R. 7017.

[4] 8 F.R. 9546.

[5] There is privity between Paul A. Porter, the Price Administrator who is now the respondent in this case, and Chester Bowles, the Price Administrator who was the respondent in the earlier case, so that the lack of identity of the parties, therefore, does not prevent the application of the rule of res judicata. Sunshine Anthracite Coal Co. v. Adkins, 1940, 310 U.S. 381, 402, 403, 60 S.Ct. 907, 84 L.Ed. 1263.

ministrator adopted 1½% as a proper allowance on the basis of a study of the economic data then available to him.

The burden was not shifted, as the complainant argues, merely because the allowance made by Amendment 32 was stated to be tentative in nature and subject to be changed upon the completion of a more detailed survey of the nature and costs of the pre-warehousing function. The regulation as amended is nonetheless a binding price regulation which is presumed to be valid unless and until the complainant establishes its invalidity by competent evidence. Accordingly the complainant's objection to the regulation as amended on the ground of the inadequacy of the allowance of 1½% cannot be sustained.

A judgment will be entered dismissing the complaint.