## MELLEN v. HIRSCH et al.

No. 5788.

United States Court of Appeals
Fourth Circuit.

Dec. 3, 1948.

Joseph H. Mellen, pro se.

Paul F. Due, of Baltimore, Md. (Due, Nickerson & Whiteford, of Baltimore, Md., on the brief) for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for defendant in a personal injury action, in which the lower court held that an exclu-sive remedy was provided by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., applicable in the District of Columbia as a Workmen's Compensation Act, D.C.Code 1940 secs. 36—501, 36—502, 45 Stat. 600, c. 612, 33 U.S.C.A. § 901 note. Appellant, in a prior action in the District of Columbia, had contended that the act did not apply to him because he was employed in violation of the child labor law, but this contention was decided against him. Mellen v. H. B. Hirsch & Sons, D.C.Cir., 159 F.2d 461. In the court below, his position was that the act was not applicable because the employer had not obtained insurance covering his injury as required by the act; but the evidence was clearly contrary to this contention, as pointed out in the opinion and supplemental memorandum filed by the judge below. Nothing need be added to these; and the case will be affirmed on the basis of what is there so well said.

Affirmed.