198 F.2d 269
 SAFEWAY STORES, Inc.
v.
DI SALLE
 No. 583.
 United States Emergency Court of Appeals
 Heard at Washington December 15, 1951.
 Decided January 18, 1952.
 
 Elisha Hanson, Washington, D. C., with whom Arthur B. Hanson, Joseph C. Wells, Garland Clarke and Calvin H. Cobb, Jr., Washington, D. C., were on the brief, for complainant.
 Edward H. Hickey, Chief, General Litigation Section, Department of Justice, Washington, D. C., with whom Holmes Baldridge, Asst. Atty. Gen., and George Arthur Fruit, Atty., Department of Justice, and Harold Leventhal, Chief Counsel, and James A. Durham, and James D. Lynch, Attorneys, Office of Price Stabilization, Washington, D. C., were on the brief, for respondent.
 Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.
 MARIS, Chief Judge.
 
 
 1
 This complaint which was filed under Sec. 408(a) of the Defense Production Act of 1950[1] asked this court to make a specific amendment of the General Ceiling Price Regulation[2] which would preserve to retailers their customary margins over cost. The complainant also asked for general relief and under this prayer it now asks that the regulation be set aside as invalid.
 
 
 2
 Complainant owns and operates approximately 2,000 retail food stores in 23 states and the District of Columbia. All these stores sell numerous commodities at retail, including many of the commodities covered by the GCPR. The latter established ceiling prices for all commodities and services, except those specifically exempt, upon the basis of prices in effect during a base period, December 19, 1950 to January 25, 1951, inclusive. The ceiling price for the sale of any commodity or service was fixed at the highest price at which the seller had delivered it during the base period to a purchaser of the same class. Under Sec. 14(s)(6) of the GCPR, hogs, lambs and all other live animals were exempted from the regulation.
 
 
 3
 On July 25, 1951 the complainant filed with the Director of Price Stabilization a protest against the GCPR setting out four objections thereto which it asserted rendered the regulation invalid and which may be summarized as follows:
 
 
 4
 (1) The regulation is unfair, inequitable and illegal because the retail prices for pork and lamb products which it imposes are frozen while suppliers are permitted to increase their prices with the result that the complainant is unable to sell such merchandise at a profit.
 
 
 5
 (2) The regulation does not give adequate consideration to wage increases permitted by the Wage Stabilization Board.
 
 
 6
 (3) The regulation violates the prohibition of Sec. 402(g) of the Act against compelling changes in business practices because it requires a reduction in the margin between cost and sales price.
 
 
 7
 (4) The regulation establishes a ceiling price for hogs which is below a price which will reflect the parity price to producers of hogs as required by Sec. 402(d) (3) of the Act.
 
 
 8
 By an order issued August 22, 1951, the respondent denied the protest as to the first three objections and dismissed it as to the fourth. On September 4, 1951 the complainant filed its complaint in this court. On motion of the respondent the court on October 8, 1951 struck from the complaint the prayer for an amendment of the GCPR as being beyond our power to grant under the statute. The court also struck those portions of the complaint which raised the fourth objection, namely, that the regulation was invalid because it established a ceiling price for hogs which was below a price which would reflect the parity price to producers of hogs as required by Sec. 402(d)(3) of the Act. We took this action because of our conclusion that the complainant, which is a retailer and not a producer, does not have legal standing to make the objection that the regulation does not comply with Sec. 402(d)(3).[3] The court also struck from the complaint certain allegations raising other objections to the regulation which had not been raised in the protest and which we, therefore, have no right under the Act to consider.[4]
 
 
 9
 In its brief the complainant for the first time raised certain other objections to the regulation. But these also, since they had not been raised in the protest, may not now be considered.[5] At the hearing of the case the complainant did not press its second and third objections. Accordingly the sole objection which is now before us for consideration is the complainant's first objection, namely that the General Ceiling Price Regulation, at least as to the ceiling prices which it fixes for the retail sale of pork and lamb, is unfair, inequitable, illegal and therefore, invalid because those retail prices were frozen while suppliers of the retailer were permitted to increase their ceiling prices. The complainant argues that the resulting squeeze imposed upon the retailer rendered the regulation not generally fair and equitable in violation of Sec. 402 of the Act and that since the regulation was deliberately conceived and promulgated in that form it was illegal on its face without regard to its actual effect on the retail industry.
 
 
 10
 Treating the last point first the record does not sustain the complainant's contention that the GCPR as promulgated necessarily imposed upon it the squeeze to which it refers, or that the Director deliberately intended that it should do so. The regulation was undoubtedly a sweeping one which the Director deemed necessary to halt the general inflationary movement in prices which was evident prior to its issuance. But there is nothing to suggest that on the day of the issuance of the regualtion the squeeze to which the complainant refers necessarily existed or that the Director did not intend to perform his statutory duty to adjust the regulation when and if hardships or inequities or general decreases in profits earned by retailers should result from the subsequent appearance of that squeeze.[6]
 
 
 11
 The other point urged by the complainant which we are at liberty to consider here is that as to retail sales of pork and lamb the squeeze between wholesale and retail prices had rendered the regulation no longer generally fair and equitable at or before the filing of the protest. In support of this contention the complainant offered evidence as to the increases in the prices paid by it for pork in six cities in which it operates and the reductions in its gross profit margins on various pork items in five of those cities. No evidence whatever was offered as to sales of lamb. By the production of this evidence, however, the complainant did not meet the burden of proof, which the act imposes upon it.[7] Thus the evidence did not show the amount of its sales of pork products or the actual profit or loss derived therefrom or the effect thereof upon the complainant's overall operations, or that complainant's operations were so extensive and typical as to be representative of the experience of the industry as a whole.[8]
 
 
 12
 However this may be, we think that the question of the validity of the GCPR raised by the complainant is rendered moot by the fact that the Director, pursuant to his statutory duty to adjust the regulations when "necessary to prevent or correct hardships and inequities"[9], has modified the provisions of the regulation with respect to the retail prices of pork and lamb by the issuance of three supplementary regulations. SR 47 issued and effective July 30, 1951[10] authorized increased ceiling prices for pork loins weighing 16 pounds or less. SR 47 was superseded by SR 65, issued September 25, 1951, effective October 1, 1951,[11] which authorized increased retail ceiling prices for all pork items to preserve normal retail margins over wholesale prices. Likewise SR 79, issued November 8, 1951, effective November 13, 1951[12] adjusted retail ceiling prices for veal, lamb and mutton products. Accordingly the provisions of the GCPR as originally issued and protested by the complainant no longer govern the retail prices of pork and lamb products.
 
 
 13
 The record before us contains no objections by the complainant to these supplementary regulations although SR 47 was relied on by the respondent in support of his denial of the protest and SR 65 is relied on in the respondent's answer. It may be, as the respondent suggests in his brief, that the complainant might have been entitled to secure leave under Rule 18, 50 U.S.C.A. Appendix, following § 924 to introduce evidence to show that the GCPR as modified by the supplementary regulations was still invalid. This we need not decide, however, since the complainant did not make such application. Instead it filed a protest with the respondent against SR 65 and upon the denial of that protest on November 29, 1951 it filed another complaint in this court seeking to set aside that supplementary regulation as invalid.[13] Since there is no charge or suggestion that the complainant has violated the GCPR or that for any other reason it is entitled to anything other than prospective relief, the validity of the GCPR prior to its modification by the supplementary regulations referred to would appear to be no longer of any legal concern to it.
 
 
 14
 A judgment will be entered dismissing the complaint.
 
 
 
 Notes:
 
 
 [1]
 50 U.S.C.A.Appendix, § 2108(a)
 
 
 [2]
 Issued and effective January 26, 1951, 16 F.R. 808
 
 
 [3]
 See Parker v. Fleming, 1947, 329 U.S. 531, 536, 67 S.Ct. 463, 91 L.Ed. 479; Buka Coal Co. v. Brown, Em.App.1943, 133 F.2d 949, 951; Chippewa County Coop. Dairy v. Clark, Em.App.1947, 163 F. 2d 753, 759
 
 
 [4]
 See § 408(a) of the Defense Production Act of 1950
 Compare Bowman v. Bowles, Em.App. 1944, 140 F.2d 974, 977, certiorari denied 322 U.S. 742, 64 S.Ct. 1144, 88 L.Ed. 1575; Saunders Petroleum Co. v. Bowles, Em.App.1945, 152 F.2d 112, 119-120; Pacific Gas Corporation v. Bowles, Em. App.1946, 153 F.2d 453, 459-460.
 
 
 [5]
 See footnote 4. See also Horns v. Bowles, Em.App.1945, 151 F.2d 191, 194; Peters v. Porter, Em.App.1946, 157 F.2d 186, 188
 
 
 [6]
 Defense Production Act of 1950, Sec. 402 (c), 50 U.S.C.A.Appendix § 2102(c)
 
 
 [7]
 Compare Montgomary Ward & Co. v. Bowles, Em.App.1943, 138 F.2d 669; Safeway Stores v. Porter, Em.App.1946, 154 F.2d 656, certiorari denied 328 U.S. 863, 66 S.Ct. 1367, 90 L.Ed. 1633
 
 
 [8]
 Compare Gillespie-Rogers-Pyatt Co. v. Bowles, Em.App.1944, 144 F.2d 361, 367
 
 
 [9]
 Defense Production Act of 1950, Sec. 402(c), 50 U.S.C.A.Appendix § 2102(c)
 
 
 [10]
 16 F.R. 7507
 
 
 [11]
 16 F.R. 9778
 
 
 [12]
 16 F.R. 11431
 
 
 [13]
 Safeway Stores, Incorporated v. DiSalle, Director of Price Stabilization, No. 590* in this court, in which the answer and transcript of proceedings were filed by the respondent on January 14, 1952
 
 
 *
 No opinion