**Jose ESTEVEZ**

v.

**Horace A. NABERS, Acting Officer in Charge, New Orleans Office Immigration & Naturalization Service.**

**No. 15200.**

United States Court of Appeals, Fifth Circuit.

Feb. 11, 1955.

Max Zelden and Sam Monk Zelden, New Orleans, La., for appellant.

Prim B. Smith, Jr., Asst. U. S. Atty., George R. Blue, U. S. Atty., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

The court below having dismissed this action as res judicata, the sole issue on this appeal is whether that principle was correctly applied. The complaint in this action alleged that upon his most recent arrival in the United States on May 14, 1953, plaintiff, a Honduran citizen, was ordered excluded under the provisions of 8 U.S.C.A. § 1182(a) (22) ; [1] that further proceedings resulted in an order of the Board of Immigration Appeals, Department of Justice, admitting him for sixty days under 8 U.S.C.A. § 1182(d) (3) ; that he commenced an action against Edward P. Ahrens, District Director, Immigration and Naturalization Service, in the District Court for the Eastern District of Louisiana, seeking a declaratory judgment to obtain a review of the exclusion order, said suit being dismissed on the ground that there was no justiciable controversy; that after plaintiff had overstayed the sixty-day period he was arrested and later released on bond, and ordered deported by reason of his overstaying; and that a controversy now exists by reason of the arrest and deportation order.

The record in the first action was appended to the record herein as an exhibit. The first sixteen paragraphs of the two complaints are identical. The complaint in the present action alleges as additional facts only the bringing and dismissal of the first action, plaintiff's arrest, and the deportation order. The allegation that a real controversy exists may of course be disregarded as a legal conclusion. The additional allegations and the change of the person named as defendant from Ahrens to Nabers are the only differences between the two complaints.[2]

1. "§ 1182(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States: * * *

"(22) * * * persons who have departed from or who have remained outside the United States to avoid or evade training or service in the armed forces in time of war or a period declared by the President to be a national emergency, except aliens who were at the time of such departure nonimmigrant aliens and who seek to reenter the United States as nonimmigrants; * * *."

2. The small differences in one paragraph of the prayers for relief in the two complaints of course have no bearing on the question. Fagin v. Quinn, 5 Cir., 24 F. 2d 42, certiorari denied 277 U.S. 606, 48 S.Ct. 602, 72 L.Ed. 1012.

The fact that the defendant is a different person in the present action does not affect the availability of the plea of res judicata, since the government, its officers, and its agencies are regarded as being in privity for such purposes. Di Silvestro v. Gray, 90 U.S.App.D.C. 184, 194 F.2d 355, certiorari denied 343 U.S. 930, 72 S.Ct. 765, 96 L.Ed. 1340; Safeway Stores, Inc. v. Porter, Em.App., 154 F.2d 656, certiorari denied, 328 U.S. 863, 66 S.Ct. 1367, 90 L.Ed. 1633. The plaintiff does not rely upon this difference to avoid the estoppel or bar of the earlier judgment, nor on the proposition that a different legal question is involved, but upon the contention that the facts in this action are different.

Different in a sense they are; but there is not such a difference in the facts alleged as to avoid the effect of the earlier judgment as res judicata. Although some courts seem to have held that the mere existence of facts in the second action not present in the first makes the principle of res judicata inapplicable, e. g., Pippin v. United States, 74 App.D.C. 131, 121 F.2d 98, we believe this criterion is clearly incorrect. See Hatchitt v. United States, 9 Cir., 158 F. 2d 754; Buchanan v. General Motors Corp., 2 Cir., 158 F.2d 728; The B. & B. No. 10, 2 Cir., 121 F.2d 704; "Developments in the Law—Res Judicata," 65 Harv.L.Rev. 818, 826. We recognize, on the other hand, that in some situations a second action is not barred by a former judgment when the complaints are identical save for the inclusion of certain additional facts in the second complaint. For example, if the complaint in the later action contains further allegations, the omission of which made the complaint in the first action demurrable, the judgment in the first action is not a bar to the second action, even though the plaintiff has failed to avail himself of permission to amend. Gould v. Evansville & C. R. Co., 91 U.S. 526, 23 L.Ed. 416; United States v. Glidden Co., 6 Cir., 119 F.2d 235; State v. California Packing Corp., 105 Utah 191, 145 P.2d 784, and authorities cited;

Restatement, Judgments Sec. 50, Comment *c*. Likewise, where a judgment was rendered for the defendant on the ground of the non-existence of some fact essential to the plaintiff's cause of action, a second action is not barred after such fact has subsequently come into existence. West v. American T. & T. Co., 6 Cir., 121 F.2d 142, certiorari denied 314 U.S. 672, 62 S.Ct. 138, 86 L.Ed. 537; Radick v. Underwriters at Lloyd's, London, 7 Cir., 137 F.2d 21; Restatement, Judgments, Sec. 54. See also Safeway Stores, Inc. v. Porter, supra. The cardinal principle is that the second action is precluded unless the new allegations supply a material deficiency of the complaint in the first action.

The first action having held the complaint was defective in failing to allege a controversy of a justiciable nature, a jurisdictional requirement under Article III of the Constitution, we may not consider the correctness of that decision on the facts there alleged. Our inquiry is limited to the question whether the *new* matters alleged create a controversy now where none existed. We are of the opinion that they do not. The first action involved the legality of the order excluding the plaintiff. That was the only order really complained of there, for the order of the Board of Immigration Appeals granting permission to remain in this country for sixty days did nothing to aggrieve plaintiff. It was the fact that the exclusion order stood unreversed which caused him concern. Although that order has now begun to translate itself into physical facts, the order was just as final then as it is now. These new events, therefore, have created no new dispute. They are simply aspects of the original exclusion order so inextricably involved in the consideration of the first action that they must have entered into the composition of the first judgment.

Plaintiff insists that the first judgment was not "on the merits" and should not bar this subsequent action. The dismissal of the first action can be

ascribed to a lack of jurisdiction or to the absence of a substantive claim; actually the ground of dismissal amounted to both of these. But even if regarded as a decision not on the merits, the first action precludes a new adjudication of the question actually decided, although it does not "bar the cause of action." Mellen v. Hirsch, 4 Cir., 171 F. 2d 127. The Restatement calls this effect of a non-merits judgment "direct estoppel." Restatement, Judgments Sec. 49, Comment *b*. This terminological distinction seems valuable to show that such a judgment does not bar the cause of action. But whether the first decision was on the merits or not is not important here, since we regard the two actions as not materially different, and the question actually decided in the first action disposes of the present one as well.

The judgment is
Affirmed.