## ST. PAUL HOSPITAL WORKERS HEALTH & WELFARE, INC. v. BETHESDA LUTHERAN HOSPITAL.

121 N. W. (2d) 325.

April 19, 1963—No. 38,797.

*James G. Paulos,* for appellant.
*Bernhard W. LeVander,* for respondent.

ROGOSHESKE, JUSTICE.

Appeal from a judgment of the municipal court of St. Paul dismissing an action to collect money allegedly due under a collective bargaining agreement between defendant and a union representing defendant's employees.

Plaintiff's complaint alleges that defendant owes $148 in past-due installments of fixed-rate assessments required to be paid into a health and welfare fund by a collective bargaining agreement between defendant and Local No. 113 of the Public Building Service and Hospital and Institutional Employees' Union, AFL-CIO. This fund, created by the agreement, was incorporated as an entity for the purpose of receiving and administering assessments of 5 cents an hour to be paid into the fund by defendant for full-time and certain part-time union and nonunion employees. Upon defendant's refusal to make payments for two nonunion employees because of claimed discrimination against nonunion employees, plaintiff brought suit in the conciliation court of St. Paul to collect a total of $96 then past due. Defendant moved to dismiss the suit on the ground that "the Court lacks jurisdiction over the subject matter in that this controversy is covered by the arbitration provisions" of the collective bargaining agreement. The conciliation court so held and ordered dismissal with prejudice. Thereafter, without taking an appeal authorized by statute, plaintiff again instituted the suit in the municipal court of St. Paul, alleging the same set of facts but increasing its claim to $148 because of additional payments falling due during the pendency of the first action. Defendant moved to dismiss on the same ground asserted in conciliation court and upon the further ground that the dismissal of the action in conciliation court was res judicata of the suit commenced in municipal court. The municipal court upheld both contentions and plaintiff appeals.

The determinative question is whether plaintiff's suit in municipal court is barred by the dismissal in conciliation court.

Although the form of the motion in each court was to dismiss for lack of jurisdiction over the subject matter, the parties are in agreement that the question raised by the motion and determined by the conciliation court was whether or not the claim for money due was a dispute which was required to be initially resolved by arbitration.[1] The collective bargaining agreement created the health and welfare fund, and plaintiff corporation was established by the union for the purpose of admin-

---

[1]Defendant could have made application to compel arbitration and to stay this action under Minn. St. 572.09 of the Uniform Arbitration Act.

istering the fund. This agreement also created defendant's obligation to make specified payments into the fund. Plaintiff, however, in bringing its action in conciliation court, contended that it is a separate corporate entity not bound by the provisions of the agreement because it does not specifically state that plaintiff shall be bound thereby. Thus, the question presented to the conciliation court was whether or not plaintiff, as well as the union, should be required to exhaust the administrative remedies provided in the collective bargaining agreement before suit to collect the payments could be instituted against defendant. The conciliation court directly held that plaintiff was bound by these provisions, and the decision of the municipal court clearly reveals its understanding of the conciliation court's decision. Although plaintiff could have appealed from that decision,[2] its reasons for not doing so are not disclosed. Our examination of the suit instituted in municipal court compels a conclusion that the subject matter of the suit is identical with the action in conciliation court. The difference in the amount of the demand in no way changes the fact that the complaint filed in municipal court presented the identical issue presented in conciliation court.

Plaintiff's argument that the dismissal in conciliation court was not a dismissal on the merits of the lawsuit overlooks the fact that the action in municipal court would require that court to relitigate the very question which was litigated in conciliation court. The fact that this could have been done upon appeal from the conciliation court's decision in no way authorizes it to be done where a new action is instituted. It is a well-established rule that a party may not litigate the same question twice with the same adversary.[3] The underlying reason for this rule is the theory of direct estoppel. A party is, and should be, barred from relitigating an issue urged against the same party for the same reasons that he is barred after a decision on the merits from repeated suits on the same claim against the same party. The question determined in the

---

[2]Minn. St. 491.06; Rule 7, Rules of Practice, St. Paul Municipal Court (27A M. S. A. p. 430).

[3]Seastrand v. D. A. Foley & Co. 144 Minn. 239, 175 N. W. 117; Restatement, Judgments, § 45, *comments c* and *d,* and § 49, *comments a* and *b.*

conciliation court specifically related to whether or not plaintiff was bound by the provisions of the collective bargaining agreement. Furthermore, having chosen the forum to present this issue, the plaintiff should not be permitted to re-present it in another forum without complying with procedures governing appeal from an adverse decision.

In view of our decision that plaintiff is barred from reinstituting the question presented to conciliation court in municipal court, there is no necessity for deciding the second issue raised by the appeal. We have, however, considered the arguments of the parties and are of the view that the issue would be controlled by an application of the reasoning in our recent decision of Rowan v. K. W. McKee, Inc. 262 Minn. 366, 114 N. W. (2d) 692. It was there held that a party involved directly or indirectly in the collective bargaining situation who seeks to enforce a claim arising out of the collective bargaining contract is subject to the requirement in the contract that administrative remedies made a part thereof be exhausted prior to litigation.

Affirmed.