John A. ACREE et al., Appellants,

v.

AIR LINE PILOTS ASSOCIATION et al., Appellees.

No. 24626.

United States Court of Appeals
Fifth Circuit.

Feb. 13, 1968.

Thomas L. Carter, Jr., Gilbert & Carter, Atlanta, Ga., for appellants.

Henry Weiss, Herbert A. Levy, New York City, for Air Line Pilots Assn.

J. R. Goldthwaite, Jr., Atlanta, Ga., W. Glen Harlan, New York City, Charles A. Moye, Jr., Atlanta, Ga., for Eastern Air Lines, Inc.

Before BROWN, Chief Judge, and GEWIN and WRIGHT,[*] Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

On June 23, 1962, the employees of Eastern Air Lines represented by the Flight Engineers International Association (FEIA) went on strike over the question of representation of cockpit personnel, a problem which has plagued the airlines industry since the advent of jet aircraft. In essence the dispute was a jurisdictional one between rival unions, FEIA and the Air Line Pilots Association (ALPA). The history and outcome of the dispute has been fully set out elsewhere,[1] and need not be repeated here. In the end, ALPA prevailed and in 1964 was certified by the National Mediation Board as the bargaining agent for Eastern's flight engineers. In the meantime the striking FEIA members had been replaced.

This suit is but the latest effort in an extended series of unsuccessful administrative and judicial proceedings which FEIA has brought against Eastern and ALPA charging a conspiracy between them to force FEIA members to go on strike and lose their jobs.[2] But unlike its predecessors, which were brought in the name of the union, the present litigation is a class action brought in the names of appellants individually and as representatives of all permanently replaced flight engineers who struck Eastern on June 23, 1962. The claim here is for reinstatement by Eastern and $29,-090,100 damages against ALPA. The District Court dismissed the complaint for lack of subject matter jurisdiction and, alternatively, as barred by *res judicata.* We find the claim barred by *res judicata,* consequently we do not reach the other basis for dismissal below.

In our judgment the Second Circuit's decision in Flight Engineers Int. Ass'n, EAL Chapter v. Eastern Air Lines, Inc., 359 F.2d 303 (1966), which affirmed the District Court's grant of summary judgment in favor of Eastern and ALPA for "lack of jurisdiction over the subject matter," adjudicated the same claims which appellants now seek to raise before this court. Since, in our view, the suit is also between the same parties and seeks the same remedies, principles of *res judicata* foreclose our consideration of these claims. The questions whether the two suits involve the same parties or their privies and the same cause of action are but two sides of the same coin. Nevertheless we shall try to analyze them as separate issues.

Same Cause of Action.

Stripped of nonessential allegations, the original complaint and the amended complaint in this case allege a conspiracy between ALPA and Eastern to force FEIA to strike so that ALPA members could take the flight engineers' jobs. In the amended complaint the charge of conspiracy as to Eastern was tempered to

---

[*] Of the District of Columbia Circuit, sitting by designation.

[1] See Flight Engineers International Ass'n v. Eastern Air Lines, Inc., S.D. N.Y., 243 F.Supp. 701 (1965), affirmed, 2 Cir., 359 F.2d 303 (1966).

[2] For a chronicle of the various proceedings which preceded the instant litigation, see Flight Engineers Int. Ass'n, EAL Chapter v. Eastern Air Lines, Inc., 2 Cir., 359 F.2d 303, 306–307 (1966).

some extent, but the allegations of wrongdoing and bad faith remain essentially the same. These are the same allegations of wrongdoing which appellants made in their complaint before the Second Circuit. Paragraph 51 of the complaint there alleged that

> "the unlawful refusal of Eastern to reinstate the Flight Engineers to their employment [has] caused plaintiff and the members represented by it, damage in the amount of $11,500,000 for back wages and other fringe benefits."

Paragraphs 52, 57, 58 and 63 charged that Eastern and ALPA provoked appellants to strike for the purpose of obtaining their jobs. Paragraph 56 charged a conspiracy between Eastern and ALPA to confer appellants' jobs on ALPA pilots. The New York complaint also prayed for the same remedies sought here:

> "(4) Issue a mandatory injunction against Eastern ordering and directing it to offer to the striking flight engineers reinstatement to their former or substantially equivalent positions, without prejudice to their seniority or other rights or privileges, and ordering and directing Eastern to dismiss, if necessary, any employees hired to replace the striking Flight Engineers * * *."

And, as in the suit here, it asked for huge damages covering back pay and fringe benefits.

▮ Thus the cause of action relied on in the Second Circuit litigation and the one here are identical. The remedy requested is also identical. True the identical words have not been used. The complaints were prepared by different lawyers. But essentially they are the same. What difference exists is in form, and we have long held that in determining *res judicata* it is the substance of the action that counts. "What is important and determinative now as to the identity of causes of action, is not identity of form, but of grounds." Wilson Cypress Co. v. Atlantic Coast Line R. Co., 5 Cir., 109 F.2d 623, 627, cert. denied, 310 U.S. 653, 60 S.Ct. 1101, 84 L. Ed. 1418 (1940).

▮▮ In deciding whether the substances of two actions are for *res judicata* purposes the same, various tests have been advanced: Is the same right infringed by the same wrong? Would a different judgment obtained in the second action impair rights under the first judgment? Would the same evidence sustain both judgments? See 1B J. W. Moore, Federal Practice ¶ 0.410[1], pp. 1157–1158 (2d ed. 1965), and cases there cited. Under any of these tests the cause of action in suit here is identical with the cause of action alleged in the New York complaint. There may be some difference in the legal theory supporting the actions, but the substance, for *res judicata* purposes at least, is the same. See Norman Tobacco & Candy Co. v. Gillette Safety Razor Co., 5 Cir., 295 F.2d 362 (1961).

Appellants deny that the cause of action here was included in the Second Circuit litigation, arguing that "the second New York proceeding rested wholly upon a cause of action asserting institutional, or recognitional, claims by the plaintiff union there, FEIA as a statutory collective bargaining organization; and that, that said proceeding in no way presented plaintiffs' *individual rights,* asserted here, against ALPA's hostile and invidious discrimination against plaintiffs individually—not FEIA, and abuse by ALPA of its statutory bargaining franchise and power." (Emphasis in appellants' brief.)

It may be true that the New York proceeding covered institutional claims by FEIA as a collective bargaining agent, but the Second Circuit treated it as also including, as it obviously did, individual claims for reinstatement of its members and back pay. Certainly those claims are the same claims being made here, and the alleged bases for those claims are identical with the bases alleged in the New York proceeding. Under the plain allegations of the two complaints, other than Chinese copies it would be difficult indeed to find causes of action and

claims for relief more similar than those asserted in the New York action and those asserted here.

The Same Parties or Their Privies.

■ In all the prior proceedings the plaintiff was FEIA, an unincorporated association, suing for itself and its members who lost their jobs at Eastern, whereas this is a class action with appellants, members of FEIA, suing individually and for the other members of FEIA who lost their jobs. Thus in effect we have two class actions and the members of the classes are identical. Or as the District Court here held: "In sum, the FEIA was composed of the class which plaintiffs seek to represent; as an unincorporated association, it was no more nor no less than the class itself."

Indeed, even if the second action were not a class action, the individuals actually represented by FEIA would be bound by the first action to the extent their interests were there represented. Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1921); System Federation No. 91 v. Reed, 6 Cir., 180 F.2d 991 (1950); Ingersoll v. Brotherhood of Locomotive Engineers, N.D. Ohio, 192 F.Supp. 669 (1961), reversed on other grounds, 6 Cir., 307 F.2d 257 (1962); Schatte v. International Alliance, etc., S.D.Cal., 84 F.Supp. 669 (1949), affirmed, 9 Cir., 182 F.2d 158, cert. denied, 340 U.S. 827, 71 S.Ct. 64, 95 L.Ed. 608 (1950); 2 W. Barron & A. Holtzoff, Federal Practice and Procedure §§ 562, 563, 572 (Wright ed. 1961 and 1967 Pocket Part). The question then is whether the interests of the individual members of FEIA were raised before and, for *res judicata* purposes, resolved by the Second Circuit.

As we have seen, FEIA did try to present the claims of its individual members, and appellants virtually concede as much. They argue, however, that FEIA was not the proper party to make those claims. To make the argument they rely on language in the opinion of the District Court in the Second Circuit case that the remedy of reinstatement and damages for wrongful discharge "is available only to the individual employees and not to FEIA" and that FEIA was asking for "global damages for alleged wrong to it and not individual damages for such of its members who may have been wrongfully discharged." 243 F.Supp. at 707.

But this language in the District Court's opinion finds no counterpart in the decision of the Court of Appeals. In that court FEIA's claim was limited almost exclusively to the individual rights of the strikers, and the Second Circuit in no way suggested a lack of standing by FEIA to present these individual claims. In fact, it met the reinstatement and damages issues directly, ruling that the striking flight engineers, appellants here, could not be reinstated or awarded damages in the form of back pay without unlawfully attacking the National Mediation Board's certification of ALPA—a matter beyond the court's jurisdiction. "The allegations in the amended complaint which relate to the replacement of the strikers do not directly challenge the representational decision of the Mediation Board; but the judicial relief requested by FEIA flies 'in the teeth of the board's certification' of ALPA, almost as much as a court order directing an employer not to bargain with a union flies in the teeth of the board's certification of that union. * * * The claim for money damages would have a similar effect." Flight Engineers v. Eastern, *supra,* 359 F.2d at 307–308.

There is, then, no question that the Second Circuit considered the claims raised by FEIA in behalf of its individual members and dismissed them for lack of jurisdiction over the subject matter. The only remaining question is whether a jurisdictional decision of this sort is *res judicata* for purposes of the present litigation in this court.

Res Judicata Effect of Jurisdictional Decision.

■ The doctrine of *res judicata* provides generally that, if a previous judgment is valid, final, and on the merits, it

is an absolute bar in another case on the same cause of action between the same parties and their privies "not only in respect of every matter which was actually offered and received to sustain the demand or to make out a defense, but also as to every ground of recovery or defense which might have been presented." Mendez v. Bowie, 1 Cir., 118 F.2d 435, 440, cert. denied, 314 U.S. 639, 62 S.Ct. 76, 86 L.Ed. 513 (1941); 1B J. W. Moore, Federal Practice ¶ 0.405 [3] (2d ed. 1965).

■■ It is sometimes asserted that a decision has *res judicata* effect only if it is on the merits. But this overstates the case, for as the Supreme Court has said, "The principles of *res judicata* apply to questions of jurisdiction as well as to other issues." American Surety Co. v. Baldwin, 287 U.S. 156, 166, 53 S.Ct. 98, 77 L.Ed. 231 (1932). See also Estevez v. Nabers, 5 Cir., 219 F.2d 321 (1955). It is true that the *res judicata* effect of a jurisdictional decision is more limited than its effect where the decision is on the merits, for it is not binding as to all matters which *could have been raised*. But a non-merits judgment of this type, whether its abating effect be termed direct estoppel (Restatement, Judgments § 49 (1942) or simply *res judicata, is* conclusive as to matters *actually* adjudged. Estevez v. Nabers, supra; 1B J. W. Moore, supra, ¶ 0.405[5]. And it is immaterial that the non-merits judgment may have been erroneous. Estevez v. Nabers, supra; Catholic Society of Religious & Literary Education v. Madison County, 4 Cir., 74 F.2d 848 (1935). The question, then, is what did the Second Circuit decide.

■ The Second Circuit's decision that it lacked subject matter jurisdiction was not based on factors peculiar to that Circuit. Rather it decided that once the National Mediation Board had certified ALPA, federal courts generally were without jurisdiction to consider the sorts of claims for judicial relief (reinstatement and damages) which FEIA made for its individual members in its amended complaint. It said:

"To grant the judicial relief requested in FEIA's wholesale attack on the replacement of the strikers would directly affect the previous determination of the representational dispute by the National Mediation Board; would reopen a controversy which has plagued the airlines for years and which has been fought to a rough conclusion by resort to the self-help envisaged by the act; and would lay down a precedent that would mean the inordinate protraction of comparable struggles in years to come. For these reasons, we do not feel that courts should consider the claims for judicial relief in FEIA's amended complaint which are directly connected with the replacement of the strikers." (Footnote omitted.) 359 F.2d at 309.

This reasoning applies equally where, as here, the identical suit is brought directly by the individual members as it does where it is brought in their behalf by FEIA. Since the Second Circuit treated the individual claims as effectively raised by the union, we are bound by its dismissal of them for lack of subject matter jurisdiction. Accordingly we affirm the dismissal of this action by the District Court on *res judicata* grounds.

Affirmed.