Herman A. **STUHL**, Plaintiff-
Appellant,

v.

G. Joseph **TAURO** et al.,
Defendants-Appellees.

No. 72–1390.

United States Court of Appeals,
First Circuit.

Heard March 7, 1973.

Decided March 29, 1973.

Robert W. Hagopian, Wrentham, Mass., for plaintiff-appellant.

Lawrence T. Bench, Asst. Atty. Gen., with whom Robert H. Quinn, Atty. Gen., and Walter H. Mayo, III, Asst. Atty. Gen., were on brief, for defendants-appellees.

Before ALDRICH, McENTEE and CAMPBELL, Circuit Judges.

CAMPBELL, Circuit Judge.

Plaintiff-Appellant has conceded that the sole issue to be decided is whether the district court erroneously denied plaintiff's request for a three-judge court. We conclude that the district court was correct in its determination, although we do not find it necessary anew to reach the issue of whether a substantial federal question was presented, preferring instead to rest our decision upon principles of res judicata and direct estoppel.

Plaintiff-Appellant's complaint, with one addition hereinafter described, is practically identical to one he filed against the same defendants on June 18, 1971 (D.Mass. No. 71–1215–W). That suit was dismissed by the district court on June 30, 1971, for want of a substantial federal question. Proceeding under Local Rule 6, we affirmed dismissal on September 21, 1971, stating, in part:

> Inasmuch as no substantial constitutional question exists it was appropriate for the single judge to dismiss the complaint and not to invoke a three-judge district court.

Plaintiff-Appellant's motion for leave to file a petition for rehearing late was denied on October 12, 1971, and he apparently did not file a petition for certiorari in the United States Supreme Court.

Plaintiff-Appellant has thus fully and completely litigated the question of whether his complaint presented a substantial federal question; he may not now relitigate this issue, regardless of whether the prior decision is deemed to be on the merits or merely "jurisdictional." Restatement of Judgments §§ 45(c), comment d and 49, comment b; Lyle v. Bangor & Aroostook Railroad Company, 237 F.2d 683, 685 (1st Cir. 1956) (citing Restatement of Judgments § 45(c), comment d); cert. denied, 353 U.S. 913, 77 S.Ct. 672, 1 L.Ed.2d 667 (1957); Acree v. Air Line Pilots Association, 390 F.2d 199, 203 (5th Cir. 1968); cert. denied 393 U.S. 852, 89 S. Ct. 88, 21 L.Ed.2d 122 (1968); Estevez v. Nabers, 219 F.2d 321 (5th Cir. 1955);

**234**

American Hawaiian Ventures v. M. V. J. Latuharhary, 257 F.Supp. 622, 627–628 (D.N.J.1966); LaBarbera v. Batsch, 10 Ohio St.2d 106, 227 N.E.2d 55, 59 (1967); St. Paul Hosp. Wkrs. H. & W. v. Bethesda Lutheran Hosp., 265 Minn. 256, 121 N.W.2d 325, 326 (1963). As the Fifth Circuit observed in Estevez v. Nabers, *supra* 219 F.2d at 323–324:

> Plaintiff insists that the first judgment was not "on the merits" and should not bar this subsequent action. The dismissal of the first action can be ascribed to a lack of jurisdiction or to the absence of a substantive claim; actually the ground of dismissal amounted to both of these. But even if regarded as a decision not on the merits, the first action precludes a new adjudication of the question already decided. . . .

The only difference between Plaintiff-Appellant's complaint in 71–1235–W and the present case is an additional sentence to the effect that he "is arbitrarily being denied admission to law school." This minor addition does not raise a question sufficiently distinct from those raised previously to avoid the estoppel created by decision of the prior action. "[W]hether the first decision was on the merits or not is not important here, since we regard the two actions as not materially different, and the question actually decided in the first action disposes of the present one as well." Estevez v. Nabers, *supra* 219 F.2d at 324.

The observations of Mr. Justice Frankfurter in Angel v. Bullington, 330 U.S. 183, 192–193, 67 S.Ct. 657, 662, 91 L.Ed. 832 (1947) may be pertinent:

> The doctrine of *res judicata* reflects the refusal of law to tolerate needless litigation. Litigation is needless if, by fair process, a controversy has once gone through the courts to conclusion . . . . And it has gone through, if issues that were or could have been dealt with in an earlier litigation are raised anew between the same parties.

Judgment affirmed.