**Elwin B. BURNS, Plaintiff-Appellant,**

v.

**EAST BATON ROUGE PARISH SCHOOL BOARD and Robert Aertker, Individually and in his capacity as Superintendent of East Baton Rouge Parish Schools, Defendants-Appellees.**

No. 75–3849
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 29, 1976.

Rehearing and Rehearing En Banc
Denied June 2, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Donald Juneau, New Orleans, La., for plaintiff-appellant.

John F. Ward, Jr., Baton Rouge, La., for defendants-appellees.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

In this 1975 nontenured Black teacher's suit claiming racial discrimination in his discharge, the District Court held that it was barred by res judicata by reason of his 1973 suit in the same Court. Whether the 1975 suit should be characterized as the "same cause of action" as the rubric goes, *see Commissioner of Internal Revenue v. Sunnen*, 1948, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898, 905; *Cromwell v. County of Sac*, 1877, 94 U.S. 351, 352, 24 L.Ed. 195, 197; *Dore v. Kleppe*, 5 Cir., 1975, 522 F.2d 1369, 1374; *Stevenson v. International Paper Co.*, 5 Cir., 1975, 516 F.2d 103, 109–10, it is plain from the examination of both 1973 and 1975 complaints and the District Court's minute entry memoranda that at the heart of each was the basic decisive charge of racial discrimination. *See Acree v. Air Line Pilots Association*, 5 Cir., 1968, 390 F.2d 199, 201, *cert. denied*, 393 U.S. 852, 89 S.Ct. 88, 21 L.Ed.2d 122. It is equally plain that the Judge, in dismissing the 1973 suit on its merits, categorically rejected this claim. So if it is not barred by res judicata it surely is by collateral estoppel.

AFFIRMED.