**David KAPLAN, individually and on behalf of all other employees similarly situated, Plaintiff,**

v.

**Catherine J. RUGGIERI, Margaret S. MacNamara, Theodore Muzio, Gerald T. O'Boyle, Melvin Martin, Marguerite A. Donnelly, Robert M. Hendrick, Earl R. Woods, Paul S. Szabo, John C. Alexion, C. Carl Robusto; St. Vincent's College, a unit of St. John's University; St. John's University; Frederick E. Hueppe and Edward J. Miranda, as Co-Presidents of St. John's Chapter of the A.A. U.P.F.A. at St. John's University (an indep. labor union), Defendants.**

**No. 81 CV 2059 (ERN).**

United States District Court,
E.D. New York.

Nov. 16, 1983.

See also, D.C., 547 F.Supp. 707; 2d Cir., 722 F.2d 728.

David Kaplan, pro se.

Mendes & Mount, New York City, for non-Union defendants by Joan S. O'Brien (Herbert D. Schwartzman, Jamaica, N.Y., of counsel).

Henry T. Berger, New York City, for Union defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

The plaintiff is an attorney who had been employed by St. Vincent's College of St. John's University as a Professor of Business Law. In October 1980, plaintiff applied for tenure and was denied. He appealed to the college personnel committee, which sustained the denial in December 1980.

In January 1981, plaintiff's teaching schedule was changed, causing him to miss a number of classes. The University moved to suspend him and plaintiff sought help from his union to challenge the University's actions. While harboring doubts concerning plaintiff's right to representation, the union did represent him at the grievance proceeding. Plaintiff, however, did not receive the relief sought and commenced action in this Court against his former employer, various members of the faculty and administration, and the union.

The original complaint was filed in June 1981. This Court issued a Memorandum and Order in September 1982 granting summary judgment for defendants. That judgment was appealed in February 1983.

Plaintiff's argument to the Second Circuit included the claim that the union extracted a sum of money as a precondition to representation. The Second Circuit, in an unpublished order affirming summary judgment for defendants, addressed that claim and stated:

"Plaintiff now argues that the union breached its duty of fair representation by extracting $50 and $100 payments from him as a precondition to processing his scheduling grievance. This claim is not raised in the complaint and despite plaintiff's legal background he has made no attempt to amend his complaint to include this theory as a basis of recovery. Hence the claim was not addressed in the district court's opinion and is not now properly before us for review."

Plaintiff now seeks to amend his complaint pursuant to Fed.R.Civ.P. 15(a), which provides that amendments may be made "only by leave of court ... and leave shall be freely given when justice so requires." [1]

---

1. Fed.R.Civ.P. 15(a) states that:

"(a) AMENDMENTS. A party may amend his pleading once as a matter of course at any

The amended complaint alleges that the union extracted a sum of money as a precondition for representation. In support of the amendment, plaintiff asserts: the merits of the claim have not been heard, leave to amend should be freely given, and the Second Circuit suggested that he amend.[2]

Plaintiff's attempt to enlist the Second Circuit's aid is based on a rather generous construction of their words. That Court's decision, *supra,* disposed of plaintiff's claim by pointing out his own error in not having amended earlier. It was hardly a suggestion that plaintiff had the right to amend.

■ Further, this Court determines that leave should not be granted. The original complaint included a claim that the union breached its duty of fair representation as a result of its handling of the grievance proceeding. Fed.R.Civ.P. 56 indicates that a "motion for summary judgment applies to the merits of a claim", *Heyward v. Public Housing Administration,* 238 F.2d 689 (5th Cir.1956), "and if [granted] in favor of the defendant the judgment is in bar." 6 Moore's Federal Practice § 56.03 at p. 56–55 (2d ed. 1983). Therefore, plaintiff's general claim of unfair representation has been adjudicated on the merits.

■ The doctrine of res judicata applies to prevent a cause of action from being relitigated between identical parties. When a judgment has been entered on the merits it is final as to the claim in controversy. That finality applies " 'not only as to every matter which was offered and received to sustain or defeat the claim or demand but as to any other admissible matter which *might have been offered* for that purpose.' " *Nevada v. United States,* — U.S. —, —, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983) (emphasis added), *quoting Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1876). In other words, the final judgment puts an end to the cause of action. *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948).

The applicable test for applying res judicata is

"whether a different judgment in [a] subsequent action would impair the rights created pursuant to the judgment rendered in the prior action ...; whether the evidentiary basis of the first and second actions is the same ...; or whether the essential facts and issues were similarly presented in both cases." *Ellentuck v. Klein,* 570 F.2d 414, 428 (2d Cir.1978); *Expert Electric, Inc. v. Levine,* 554 F.2d 1227, 1234 (2d Cir.), *cert. denied,* 434 U.S. 903 [98 S.Ct. 300, 54 L.Ed.2d 190] (1977).

The Court in *Expert Electric,* cited with approval in *Ellentuck,* went on to say that:

"The crucial element underlying all of these standards is the factual predicate of the several claims asserted. For it is the facts surrounding the transaction or occurrence which operates to constitute the cause of action, not the legal theory upon which a litigant relies." *Id.* at 1234.

Here, plaintiff's claim certainly "might have been offered" before. His claim concerning the extracting of money by the union is inextricably linked to the claim of unfair representation; it is not an additional fact that has subsequently occurred but one which plaintiff was capable of pleading

---

time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

2. The original complaint alleges violation of the collective bargaining agreement by the employer and violation of the duty of fair representation by the union. Though differently worded, the same violations are again asserted in the amended complaint. In addition to the claim regarding the representation, the Court has addressed those claims in its earlier opinion and will not do so again.

when the original complaint was filed.[3] Plaintiff did not bring this fact up then and is precluded from asserting it now.

For the reasons stated above, plaintiff's motion for leave to amend the complaint is denied.[4]

SO ORDERED.

The Clerk of Court is directed to forward copies of this Memorandum and Order to plaintiff *pro se* and to counsel for defendants.

---

**3.** Plaintiff cites *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), in support of his amendments. *Foman* allowed an amendment which stated an alternative theory of recovery. Here plaintiff does not interpose an alternative theory of recovery but rather attempts to buttress the existing one, which has already been adjudicated. Plaintiff cannot revive a cause of action by asserting additional factual allegations. *Estevez v. Nabers*, 219 F.2d 321, 323 (5th Cir.1955), 1B Moore's Federal Practice § 0.410[1].

**4.** In light of the Court's decision, it is unnecessary to reach the other defenses raised.