826 F.2d 1060
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Darlene PEAVY, Plaintiff-Appellant,
v.
David ANGLE, individually and in his official capacity;
Leonard F. Rice, individually and in his official capacity;
P.M. Cooper, individually and in his official capacity;
Leroy Parker, individually and in his official capacity,
Defendant-Appellee,
William LANHAM, individually and in his official capacity, Defendant.
 No. 86-1142.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 29, 1987.
Decided Aug. 3, 1987.
 
 D.S.C.
 AFFIRMED.
 Appeal from the United States District Court for the District of South Carolina, at Aiken. Solomon Blatt, Jr., District Judge. (C/A No. KCA-85-1907-8)
 Darlene Peavy, appellant pro se.
 James Michael Holly, Henderson & Salley, for appellees.
 Before WIDENER and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Darlene Peavy was the operator of the Sunset Motel in Aiken County, South Carolina. In April 1983, she was arrested pursuant to an arrest warrant charging Peavy with violating a state statute by operating a motel without a valid permit. The charge was later dismissed.
 
 
 2
 Peavy brought two 42 U.S.C. Sec. 1983 actions alleging that the warrant for her arrest was not supported by probable cause. In the first action she brought claims in federal district court against the Aiken County Health Department (a unit of the South Carolina Department of Health and Environmental Control ("DHEC")) and David Angle, a DHEC employee.[1] In that action she alleged claims based upon Sec. 1983 and state law torts of malicious prosecution, false imprisonment, and intentional infliction of emotional distress. The district court dismissed the claim against the Aiken County Health Department because it was barred by the Eleventh Amendment. Scheuer v. Rhodes, 416 U.S. 232, 237 (1974).
 
 
 3
 The prior action proceeded to trial against defendant Angle. At the close of plaintiff's case, District Judge Simons concluded that testimony showed that Angle acted only in his official capacity as an employee of a state agency, and that therefore, the action against Angle was also barred by the Eleventh Amendment. Accordingly, the district court dismissed the action for lack of subject matter jurisdiction, without prejudice to Peavy's ability to bring the case in state court, i.e., a court of competent jurisdiction. No appeal was taken.
 
 
 4
 Peavy then brought this action in state court. She named as defendants Angle, a co-worker, William Lanham, and Angle's supervisors, Leonard F. Rice, P. M. Cooper, and Leroy Parker, all of whom were DHEC employees. She again alleged a Sec. 1983 claim based on the arrest, as well as state law claims of abuse of process, malicious prosecution, and intentional infliction of emotional distress. Peavy sought damages from defendants in both their individual and official capacities.
 
 
 5
 The defendants removed the action to federal court, and a motion to remand the action to state court was unsuccessful. The claims against the defendants in their official capacities were dismissed. The district court granted a directed verdict on the Sec. 1983 claim to all defendants but Angle. The court also granted a directed verdict to Angle on the Sec. 1983 claim against him in his individual capacity, based upon the preclusive effect of the prior action.
 
 
 6
 The state law claims of malicious prosecution and abuse of process were submitted to a jury.[2] The jury returned a verdict in favor of the defendants on the claim of malicious prosecution, but against the defendants Angle, Rice, Parker, and Cooper on the claim of abuse of process. The jury awarded $4,000 in actual damages and $4,000 in punitive damages.
 
 
 7
 The defendants filed a timely motion for judgment notwithstanding the verdict.[3] Peavy's counsel and Peavy herself, acting pro se, also filed motions for new trial. At a hearing, the distric% court overruled both Peavy's motions and those of the defendants. Peavy then filed a timely notice of appeal.
 
 
 8
 As a threshold issue, the defendants-appellees contend that Peavy's appeal should be dismissed because she did not preserve the grounds for her appeal by including them in a timely motion for new trial. Even if such a motion had been untimely,[4] dismissal of the appeal would not be appropriate. A motion for new trial is not essential to preserve objections made prior to and during the trial for appellate review, and is not a prerequisite for an appeal from the judgment. Sherrill v. Royal Industries, 526 F.2d 507, 509 n.2 (8th Cir. 1975).[5]
 
 
 9
 On appeal Peavy's principal contention is that the district court erred in granting a directed verdict on the Sec. 1983 claim to Angle, based on the preclusive effect of the judgment rendered in the prior action. She contends that because the prior dismissal was "without prejudice," the district court should not have given it preclusive effect. A review of the applicable law shows that Peavy's contention is wrong.
 
 
 10
 Principles of res judicata apply to questions of jurisdiction as well as to other issues. American Surety Co. v. Baldwin, 287 U.S. 156, 166 (1932). A dismissal for lack of subject matter jurisdiction, while "not binding as to all matters which could have been raised," is, however, conclusive as to matters actually adjudged. Acree v. Airline Pilots Associatign, 390 F.2d 199, 203 (5th Cir.), cert. denied, 393 U.S. 852 (1968). Further, it is immaterial that the prior judgment may have been erroneous. Id.; Catholic Societv of Reliqious & Literary Education v. Madison County, 74 F.2d 848 (4th Cir. 1935). In this context, a dismissal for lack of subject matter jurisdiction does not prevent reinstitution of the action in a court that has subject matter jurisdiction over the controversy. 5 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1350, at 554. To that extent, the dismissal is without prejudice. Nevertheless, the first action remains determinative of questions actually decided. See id. at 554 n.90.
 
 
 11
 In the prior action, the district court actually decided the question of whether Angle was acting in his official capacity when it addressed the question of subject matter jurisdiction. The court concluded that the evidence showed that Angle acted only in his official capacity. Accordingly, the district court in the present action correctly ruled that the determination on that question in the prior action should be given a preclusive effect.
 
 
 12
 Peavy also contends that the district court erred in failing to instruct the jury on remarks by defendants' counsel in his opening statement. In that statement counsel for the defendants did imply that the defendants would be forced to pay any damage award "out of their pockets," when there was at least a question of whether the defendants were covered by an insurance policy. Thd record reflects, however, that Peavy's counsel did not object to the remarks nor did he request that the jury be instructed to disregard them. Rather, the record shows that he told the district court that he would seek to introduce evidence of insurance coverage. The district court replied that that course would be counsel's responsibility. At the post-trial hearing, Peavy's counsel stated that he did not object because he did not wish to -highlight the issue. Counsel for Peavy made a strategic decision not to formally object to the remarks on this liability issue. Given that decision, Peavy may not now complain that the district court erred in failing to instruct the jury. Thus, Peavy's contention on appeal is without merit.
 
 
 13
 Peavy's other contentions are simply statements of her versions of the evidence placed before the jury. We do not find any merit in them.[6]
 
 
 14
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 AFFIRMED
 
 
 [1]
 Claims against other defendants in that action were dismissed with prejudice
 
 
 [2]
 The district court dismissed William Lanham as a party because the initial complaint had exempted Lanham from those claims
 
 
 [3]
 The defendants-appellees have not appealed the adverse judgment on the abuse of process claim
 
 
 [4]
 The docket sheet suggests that a timely motion was filed but does not expressly record it
 
 
 [5]
 Although no separate document was issued reflecting the denial of the motion for judgment notwithstanding the verdict, this Court does not lack jurisdiction over the appeal. See Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 691 (4th Cir. 1978)
 
 
 [6]
 Assuming that the new trial motion was timely filed, the district court did not abuse its discretion in denying it