**Jim L. NAPPER and wife, Jo Ann Napper, Plaintiffs-Appellants,**

v.

**ANDERSON, HENLEY, SHIELDS, BRADFORD & PRITCHARD, etc., Defendants-Appellees.**

No. 73-3746.

United States Court of Appeals, Fifth Circuit.

Sept. 16, 1974.

Charles Ben Howell, H. Averil Sweitzer, Dallas, Tex., for plaintiffs-appellants.

D. L. Case, Jack Pew, Jr., Dallas, Tex., for defendants-appellees.

Before BROWN, Chief Judge, and RIVES and DYER, Circuit Judges.

RIVES, Circuit Judge:

This appeal is from a judgment of the district court dismissing the case for want of jurisdiction and without prejudice. We affirm.

The complaint seeks the recovery of damages from a Dallas, Texas, law partnership and the individual partners for alleged malpractice involving the validity and effect of a conveyance of the Napper's home in Dallas.[1] The first action asserting this claim was filed by plaintiffs on June 9, 1971, in the Circuit Court of Pulaski County, Arkansas. The complaint alleged that the cause of action arose in Arkansas, and sought to have the Arkansas state court acquire "long-arm" jurisdiction over the Texas defendants (See Arkansas Statutes 27–2502).

On July 12, 1971, defendants filed a petition for removal to the Federal District Court for the Eastern District of Arkansas asserting diversity jurisdiction that the plaintiffs were citizens of Arkansas and the defendants were citizens of Texas. Defendants then filed in the federal district court to which the case had been removed a motion to quash the "long-arm" service of process.

The next month, on August 23, 1971, the plaintiffs filed in the United States District Court for the Northern District of Texas a complaint in the present case, identical, except for minor grammatical changes, to the complaint pending in the federal district court in Arkansas. This complaint stated:

"Plaintiffs are filing this suit as a precaution against having their cause dismissed after the running of the applicable limitations period. Plaintiffs requested that the Court withhold proceedings hereon pending a ruling by the federal courts of Arkansas upon the jurisdictional question."

Plaintiffs based federal jurisdiction on diversity of citizenship, asserting that the defendants were all citizens of Texas and going into some detail as to their own citizenship:

"Notwithstanding the fact that plaintiffs, Jim L. Napper and wife, Jo Ann Napper, own homestead property in Texas, they have established sufficient residence in the State of Arkansas to entitle them to invoke the diversity jurisdiction of the United States District Court for the Northern District of Texas."

The defendants on September 2, 1971, moved to dismiss plaintiffs' complaint for lack of jurisdiction, alleging:

"It affirmatively appears on the face of Plaintiffs' complaint that they are citizens and residents of Texas, as are the Defendants, so that no diversity of citizenship exists. In the alternative, if it does not affirmatively appear on the face of Plaintiffs' complaint that they are citizens of the State of Texas, then Defendants affirmatively assert that they are citizens of such state, so that there is no diversity of citizenship, and the Court has no jurisdiction over the cause of action asserted by Plaintiffs."

More than a year later, on November 21, 1972, the defendants filed in the federal district court in Arkansas a motion to dismiss for want of diversity jurisdiction, asserting plaintiffs to be citizens of the same state as were defendants, that is Texas. On May 9, 1973, a hearing was conducted on that motion to dis-

---

1. The conveyance is that described in Napper v. Johnson, Tex.Civ.App.1971, 464 S.W.2d 406.

miss. The district judge found that the plaintiffs at the time of filing their complaint and since had the intention of going back to Texas. In part, the Judge said:

> "The Court believes that his [Mr. Napper's] intention when he came here was not to make Arkansas his home on an indefinite basis, that that is what is absent and, therefore, he remained domiciled in Texas and remained a Texas citizen, although residing in Arkansas."

The case was accordingly remanded to the Circuit Court of Pulaski County, Arkansas. That state court never reached the merits, but ultimately sustained the defendants' motion to quash the "long-arm" service of process.

■ On September 25, 1973, the plaintiffs filed in the present case an amended complaint reasserting the same claim based on diversity jurisdiction with the same allegations of citizenship. As an alternative claim, the plaintiffs sought to recover damages alleged to have resulted from violation by the defendants of the wire fraud act, 18 U.S.C. § 1343.[2] The plaintiffs claim that violation of that criminal statute operates to create a federal cause action for damages against the defendants, and assert jurisdiction under 28 U.S.C. § 1337.[3]

In Oppenheim v. Sterling, 1966, 368 F.2d 516, 518–519, the Tenth Circuit held that 18 U.S.C. §§ 1341, 1342, relating to mail fraud, are purely penal and rejected "the view that a violation of these penal statutes as such affords the court federal question jurisdiction in a civil case." The wire fraud act, 18 U.S. C. § 1343, is closely analogous to the mail fraud statute, 18 U.S.C. § 1341, and likewise evidences no intent of Congress to grant additional federal question jurisdiction in civil cases. Reitmeister v. Reitmeister, 2 Cir. 1947, 162 F.2d 691, does not persuade us differently.

■ Estoppel by judgment precludes the plaintiffs from successfully asserting diversity jurisdiction. The distinction between res judicata and estoppel by judgment is discussed in Commissioner v. Sunnen, 1948, 333 U.S. 591, 597, 598, 68 S.Ct. 715, 92 L.Ed. 898. Estoppel by judgment will not permit matters actually litigated and determined between the same parties in one proceeding to be relitigated (333 U.S. at 598, 68 S.Ct. 715).[4] We agree with the full and amply supported discussion in 1B Moore's Federal Practice ¶ 0.405[5], that

> "the underlying policy of res judicata is not restricted to a valid judgment that deals solely with the merits; it extends to and includes matters in abatement, such as jurisdiction of the subject matter, federal jurisdiction, jurisdiction over the res, jurisdiction over the defendant, venue, and related matters." (Footnotes omitted.)

As between the two federal district courts, the inability to appeal from the

---

2. "§ 1343. *Fraud by wire, radio, or television*

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

3. "§ 1337. *Commerce and anti-trust regulations*

"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

4. The estoppel by judgment is accurately termed "direct estoppel" where the issue is actually litigated and determined in an action between the same parties based upon the same cause of action. *See* A.L.I. Restatement, Judgments § 45 comment d; Estevez v. Nabers, 5 Cir. 1955, 219 F.2d 321, 324; Myers v. Ampex, Inc., 5 Cir. 1974, 498 F.2d 1092 [1974]; 46 Am.Jur.2d § 397, p. 566 n. 7. That distinction between "direct estoppel" and "collateral estoppel" helps to make clear our conclusion that neither the standards of law applied by the federal district court in Arkansas nor its findings of fact may be relitigated.

order of remand does not permit the issue actually litigated and determined in the federal court in Arkansas to be relitigated in the second action. Johnson Company v. Wharton, 1894, 152 U.S. 252, 14 S.Ct. 608, 38 L.Ed. 429; see also the full discussion of and possible limitations to this rule in 1B Moore's Federal Practice ¶ 0.416 [5].

The federal district court in Arkansas held that as of July 12, 1971, the date of removal, it lacked jurisdiction because plaintiffs were on that date citizens of Texas. To sustain federal jurisdiction in the Texas district court, plaintiffs had the burden of proving that they had changed their citizenship between July 12 and August 23, 1971, when their complaint in the present case was filed. Though afforded ample opportunity to do so, the plaintiffs have never pleaded or proved any change of citizenship during that crucial period. The district court properly dismissed the case for want of jurisdiction, and its judgment is

Affirmed.