Jim L. NAPPER and wife, Jo Ann Napper, Plaintiffs-Appellants,

v.

ANDERSON, HENLEY, SHIELDS, BRADFORD & PRITCHARD, etc., Defendants-Appellees.

No. 73–3746.

United States Court of Appeals, Fifth Circuit.

Jan. 31, 1975.

Charles Ben Howell, H. Averil Sweitzer, Dallas, Tex., for plaintiffs-appellants.

D. L. Case, Jack Pew, Jr., Dallas, Tex., for defendants-appellees.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion September 16, 1974, 5 Cir. 1974, 500 F.2d 634).

Before BROWN, Chief Judge, and RIVES and DYER, Circuit Judges.

PER CURIAM:

On consideration of appellants' petition for rehearing, the panel adheres to its decision reported in 500 F.2d 634, that the district court properly dismissed the case for want of jurisdiction. Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, does not require a different result.

Admittedly, the defendants have all along been citizens of Texas. It now appears that on August 23, 1971, the date of filing the complaint in the Texas federal district court, the plaintiffs were also citizens of Texas. The plaintiffs cannot complain that in good faith they considered themselves citizens of Arkansas, and were surprised by the contrary ruling, for on September 2, 1971, ten days after the complaint was filed, defendants moved to dismiss for lack of diversity. The amended complaint filed two years later, on September 25, 1973, sought recovery also on a claimed federal cause of action which we held to be nonexistent. There was never any basis of federal jurisdiction sufficient to support pendent jurisdiction of the state law claim.[1]

The panel, therefore, declines to grant appellants' petition for rehearing.

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the Petition for Rehearing En Banc is denied.

---

1. *See* Hurn v. Oursler, 1938, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Mine Workers v. Gibbs, 1966, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218; Rosado v. Wyman, 1970, 397 U.S. 397, 404, 90 S.Ct. 1207, 25 L.Ed.2d 442; Moor v. County of Alameda, 1973, 411 U.S. 693, 710, et seq., 93 S.Ct. 1785, 36 L.Ed.2d 596. Cf. Lazier v. Weitzenfeld, 1975, 505 F.2d 896 [1975]; Perry v. Jones, 1975, 506 F.2d 778 [1975].