**Woodrow G. STRICKLAND, Plaintiff,**

v.

**HOLIDAY RV SUPERSTORES, INC., Newton C. Kindlund, Joanne M. Kindlund, Harvey M. Alper, Sentinel Communications Company, Michael Blumfield, Michael A. Paasch, Brown & Company Securities Corp., Paul Morey and John H. Ashby, Defendants.**

No. 92–1992–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

March 30, 1993.

Woodrow G. Strickland, pro se.

Harvey Martin Alper, Massey, Alper & Walden, P.A., Altamonte Springs, FL, for Holiday RV Superstores, Inc., Newton C. Kindlund and Joanne M. Kindlund.

Anthony M. Livoti, Jr., Law Office of Anthony M. Livoti, Jr., Ft. Lauderdale, FL, for Brown & Company Securities Corp., Paul Morey and John H. Ashby.

### ORDER ON MOTIONS TO DISMISS

KOVACHEVICH, District Judge.

THIS CAUSE comes before the Court on Defendants Holiday RV Superstores, Inc., Newton C. Kindlund, and Joanne M. Kindlund motion to dismiss (docket no. 20), Defendant Harvey M. Alper's motion to dismiss (docket no. 12), and Defendants Sentinel Communications Company, Michael Blumfield, and Michael A. Paasch motion to dismiss (docket no. 10). Plaintiff in this case proceeds.

### FACTS

This case is the latest in a series of approximately twenty (20) suits filed by Plaintiff Woodrow G. Strickland. In April of 1984

Plaintiff purchased a recreational vehicle from the predecessor of Holiday RV Superstores, Inc. (Holiday RV), Holiday of Orlando, Inc. Defendants Newton Kindlund and Joanne Kindlund are shareholders and managing officers of Holiday RV. Plaintiff entered into a leaseback arrangement with Holiday RV's sister corporation, Holiday RV Rental/Leasing, Inc. Plaintiff ultimately became dissatisfied with his return on the lease and filed proceedings, pursuant to his contractual agreement with Holiday RV, before the American Arbitration Association. Plaintiff also filed an action against Holiday RV in the Circuit Court in Orange County. The Circuit Court action was abated pending the outcome of the arbitration proceedings, in which Plaintiff nominally prevailed and pursuant to which Holiday RV tendered full and complete performance. Plaintiff, however, refused acceptance and thereafter began this series of actions against Holiday RV.

Since the original action, Plaintiff has added parties. Plaintiff filed suit against Harvey Alper, Holiday RV's attorney. Plaintiff sued the Sentinel Communication Company, Michael Blumfield, and Michael Paasch for an article published in the Orlando daily paper because the paper made mention of Plaintiff in an article on abusive and meritless cases brought in by proper person litigants. Finally, Plaintiff sued his stock broker, Brown & Company Securities Corp., and its employees, attorneys Paul Morey and John H. Ashby, for having honored a valid state writ of garnishment issued on an attorney's fee award granted by the state appellate court.

Plaintiff alleges jurisdiction in this Court based on diversity and federal question jurisdiction citing 18 U.S.C. § 242 (Deprivation of Rights under Color of Law); 28 U.S.C. § 1337 (Commerce); 28 U.S.C. § 1391(b) (Venue); 18 U.S.C. §§ 1341, 1951 & 1343 (Utilizing United States Mail in a Conspiracy to Defraud and Extort Monies); 5 U.S.C. § 8346(a) (Unlawful Garnishment of Plaintiff's United States Civil Service Pension); 42 U.S.C. § 407(a) (Unlawful Garnishment of Social Security Benefits to Plaintiff's Wife, a Non Party); 42 U.S.C. § 1985 (Conspiracy to Deny Equal Protection of Laws and Injury to Property Interest); and 42 U.S.C. § 1983.

## DISCUSSION

On a motion to dismiss the Court must view the allegations of the complaint most favorable to the plaintiff and consider the allegations of the complaint as true. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.,* 711 F.2d 989, 994–95 (11th Cir.1983). Moreover, on a motion to dismiss for lack of subject matter jurisdiction, the Plaintiff has the burden of showing that he has properly invoked the court's jurisdiction. *Barton v. City of Eustis, Fla.,* 415 F.Supp. 1355, 1357 (M.D.Fla. 1976).

■ This Court lacks jurisdiction as to the diversity of citizenship claim, as both the Plaintiff and Defendants Joanne Kindlund, Newton Kindlund, Holiday RV Superstores, Inc., Harvey Alper, Sentinel Communications Company, Michael Blumfield, and Michael Paasch are citizens of Florida. A diversity claim requires complete diversity. "Diversity jurisdiction does not exist unless each Defendant is a citizen of a different state from each Plaintiff." *Owen Equipment and Erection Company v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978).

■ This Court also lacks jurisdiction pursuant to the federal question raised by the Plaintiff. When a individual seeks jurisdiction under 28 U.S.C. § 1331 and "where the complaint ... is so drawn as to seek recovery directly under the constitution or laws of the United States, the federal court, but for two possible exceptions ... must entertain the suit". *South Square Limited v. City of Jackson, Mississippi,* 565 F.2d 338, 341 (5th Cir.1977) (quoting *Bell v. Hood,* 327 U.S. 678, 681, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)). The two possible exceptions are where the federal question "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous". *Id.* Therefore, in light of the previous dismissal of Plaintiff's first Federal Court action for lack of subject matter jurisdiction (Case No.

91–0451–CIV–ORL–18), it appears Plaintiff's alleged federal questions are made solely for the purpose of establishing jurisdiction. Thus, the court lacks subject matter jurisdiction.

■ Additionally, although Plaintiff recites a barrage of federal question issues, the mere recital of the claim cannot confer jurisdiction if the Plaintiff's claim are frivolous or without merit. *Murphy v. Inexco Oil Co.,* 611 F.2d 570, 573 (5th Cir.1980). Plaintiff's claims are without merit. For example, the recording of the Orange County dismissal by Defendant Holiday RV cannot constitute the basis for a federal question. The mere recording of a state court order dismissing a case is simply not actionable in this Court as a matter of law. Furthermore, Plaintiff has attempted to couch his civil action in accordance with criminal law. In Count II of Plaintiff's complaint, Plaintiff states a cause of action pursuant to 18 U.S.C. § 1343. Said statute is criminal in nature. This provision of criminal law does not create a federal cause of action for damages against defendants who are alleged to have violated its provisions. *Napper v. Anderson, Henley, Shields, Bradford and Pritchard,* 500 F.2d 634, 636 (5th Cir.1974), *reh'g denied,* 507 F.2d 723, *cert. denied,* 423 U.S. 837, 96 S.Ct. 65, 46 L.Ed.2d 56 (1975).

In addition to the lack of subject matter jurisdiction, this Court finds that Plaintiff has failed to state a cause of action because Plaintiff fails to plead facts which would establish that a legal wrong has been committed. For example, Count I alleges fraud. The alleged recording of a valid state court decision does not constitute the basis for fraud, fraud on the Court, conspiracy to defraud and extort monies, conspiracy to deny equal protection of the laws and injury to property, or a violation of 42 U.S.C. § 1983. Furthermore, Rule 9 Fed.R.Civ.P., requires an averment of fraud to be stated with particularity. Plaintiff has failed to plead with particularity. Finally, Plaintiff's complaint fails to link Sentinel Communications Company, Michael Blumfield, or Michael Paasch with the alleged wrongs as to entitle Plaintiff to redress. Therefore, the complaint fails to state a cause of action and should be dismissed. *See generally Sutton v. Eastern Viavi, Co.,* 138 F.2d 959, 960 (7th Cir.1943). *See also Stewart v. Hevelone,* 283 F.Supp. 842, 843 (D.C.Neb.1968).

This Court has recently received a motion for declaratory and summary judgment by the Plaintiff. Since this Court lacks subject matter jurisdiction over this action, Plaintiff's motion is without merit in this action.

### CONCLUSION

This Court lacks subject matter jurisdiction. Additionally, Plaintiff's complaint fails to a state a cause of action. Accordingly, it is

**ORDERED** that Defendants' motions to dismiss (dockets no. 10, 12, and 20) be **granted** and the Clerk of Court **shall** enter judgment for the Defendants.

**ORDERED** that Plaintiff's motion for declaratory and summary judgment be **denied**.

**DONE AND ORDERED.**