139 F.3d 905
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Margaret H. KINGSLEY, Individually and as Executrix of the
Estate of E. James Kingsley, Plaintiff,
and
Jeanne KINGSLEY, Plaintiff-Appellant,
v.
Wilson ASHWORTH; Oregon State University Foundation
Incorporated; Oregon State University; Deseret Trust
Company, a Utah corporation; Brigham Young University, a
nonprofit educational corporation; Shriners Hospital for
Crippled Children, a Colorado corporation, Defendants-Appellees.
 No. 97-35084.
D.C. No. CV-96-00162-JE.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the District of Oregon John Jelderks, Magistrate Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jeanne Yochum appeals the dismissal of her RICO, wire and common law fraud, and breach of fiduciary duty claims against the drafting attorney and main beneficiaries of her great step-uncle's will. She also alleges ineffective assistance of counsel and bias by the magistrate judge.
 
 
 3
 We share the district court's doubts that Yochum has standing to maintain this action, but we affirm on the ground relied upon by the district court. Undisputed facts establish that Yochum had notice of the facts upon which she bases her claim at least as early as December 1989. She brought this action more than six years later, in February 1996. That was too late for RICO's four year statute of limitations. Grimmett v. Brown, 75 F.3d 506, 510-11 (9th Cir.), cert. dismissed as improvidently granted, 519 U.S. 233, 117 S.Ct. 759, 136 L.Ed.2d 674 (1997) (statute begins to run when a plaintiff knows or should know of the injury that underlies her cause of action). Yochum has failed to present facts constituting active concealment that would toll this limit. Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1415-16 (9th Cir.1987).
 
 
 4
 Yochum's federal wire fraud claim was properly dismissed as 18 U.S.C. § 1343 does not give rise to a private cause of action. Napper v. Anderson, Henley, Shields, Bradford & Pritchard, 500 F.2d 634, 636 (5th Cir.1974). Her common law fraud claim fails whether Oregon's two year limit (Or.Rev.Stat. § 12.110) or Nevada's three year statute (Nev.Rev.Stat. § 11.190(3)(d)) is applied. The Nevada limit also bars Yochum's claim for breach of fiduciary duty, as would Oregon's six year limit on such claims, O.R .S. § 12.274.
 
 
 5
 An ineffective assistance of counsel claim cannot arise from a civil suit, Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir.1990). Yochum's bias claim against Magistrate Jelderks, stemming from several rulings unfavorable to her, fails as she has not shown a disposition on his part, based on extrajudicial sources, to treat her unfairly. See Stuart v. United States, 23 F.3d 1483, 1486 (9th Cir.1994).
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3