**CITY CAPITAL RESOURCES, INC., a West Virginia corporation; City Holding Company, a West Virginia corporation; and City National Bank, a national banking association, Plaintiffs,**

v.

**Rolland WHITE, a California resident, Defendant.**

**Civil Action No. 2:98–0543.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Dec. 4, 1998.

John F. Cyrus, Jr., Gardner & Cyrus, Huntington, WV, John W. Alderman, III, VP and Gen. Counsel, City Holding Company, Cross Lanes, WV, for City Capital Resources, Inc.

Ancil G. Ramey, Steptoe & Johnson, Charleston, WV, John W. Alderman, III, VP and Gen. Counsel, City Holding Co., Cross Lanes, WV, for City Holding Co.

Evans L. King, Jr., Steptoe & Johnson, Clarksburg, WV, John W. Alderman, III, VP

and Gen. Counsel, City Holding Co., Cross Lanes, WV, for City National Bank.

Robert B. King, King, Allen, Guthrie & McHugh, Charleston, Gregory A. Long, Richard H. Otera, Sheppard, Mullin, Richter & Hampton LLP, Los Angeles, CA, Pamela L. Kandzari, John K. McHugh, Thomas E. McHugh, Allen, Guthrie & McHugh, Charleston, WV, for Rolland White.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendant's motion to dismiss for lack of subject matter jurisdiction. For reasons discussed below, the Court **GRANTS** Defendant's motion to dismiss, without prejudice.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This case was filed in this Court in June 1998, jurisdiction being based on diversity. Plaintiffs assert all plaintiffs are citizens of West Virginia and, because Defendant White is a California citizen, complete diversity exists. On September 10 Defendant moved to dismiss, asserting, *inter alia*, lack of complete diversity among the parties. On October 2 this Court denied White's motion without prejudice and allowed a period of forty-five (45) days for limited discovery in aid in of jurisdiction.

Meanwhile, White filed a complaint in California state court on July 27, 1998 against the plaintiffs in this action, City Holding Company ("CHC") and Capital City Resources ("CCR"), as well as Steven J. Day.[1] Those defendants removed to federal court claiming diversity jurisdiction. Plaintiff White moved to remand, asserting that removal was improper because White and Defendant CCR were both California citizens, and diversity thus was not complete.[2] Following a hearing, on November 9, 1998 the United States District Court for the Southern District of California determined that CCR's principal place of business was California and, accordingly, remanded the case to California state court. Thereupon, Defendant White renewed his motion to dismiss in this Court, citing the California court's order.

The underlying facts in both this case and the California action involve a business deal among the parties, which has come to an unhappy end in business, degenerating into litigation. Not surprisingly, the facts are numerous, detailed, and greatly disputed. Both actions involve White's employment by CHC and CCR for one year to June 1998, promises allegedly made and broken on both sides, and White's ultimate termination. Because the Court bases its decision on the preclusive effect of the California court's decision, the facts need not be further refined.

## II. ANALYSIS

A simple issue is presented: does the California court ruling that CCR is a California citizen determine the issue for this Court and preclude its relitigation? The Court holds that direct estoppel applies and has such preclusive effect.

■ Direct estoppel is issue preclusion within a single claim or cause of action. Wright & Miller, *Federal Practice & Procedure* § 4418 (1981).[3] The more common form of issue preclusion is *collateral estoppel*, which prevents relitigating an issue in a second case which was actually litigated in a prior, separate and distinct action.[4] *Id.*

---

1. Day is president and chief executive officer of CHC.

2. White also asserted removal was improper because, since CCR is a California citizen, removal is barred by 28 U.S.C. § 1441(b), which provides that an action may not be removed if one of the defendants is a citizen of the state in which the action was brought.

3. The modern trend is to use the term *res judicata* to refer to both claim preclusion and issue preclusion. Wright & Miller § 4402. Thus, it is correct to say that an issue is *res judicata*.

4. Despite Defendant's raising direct estoppel in his motion for dismissal, Plaintiffs' response depends entirely on arguments based on collateral estoppel: "The California remand order cannot, *as a matter of law*, be used as collateral estoppel for at least four reasons." Pls.' Mem. Opp'n Def.'s Mot. Dismiss, 1. Principles of collateral estoppel concern the fairness of applying judgments reached in an action which, by definition, involved a separate claim or cause of action. None of the arguments based on collateral estoppel are applicable to the direct estoppel issue presented here.

§ 4418. *Direct estoppel* is the narrower and more unusual situation "where the issue is actually litigated and determined in an action between the same parties based upon the same cause of action." *Napper v. Anderson, Henley, Shields, Bradford & Pritchard,* 500 F.2d 634, 636 (5th Cir.1974) n.4, *cert. denied,* 423 U.S. 837, 96 S.Ct. 65, 46 L.Ed.2d 56 (1975).

Direct estoppel in federal decisions often involves rulings on subject matter jurisdiction. Wright & Miller § 4418. Relitigation has been precluded as to initial rulings that a complaint did not state a federal question, *Stuhl v. Tauro,* 476 F.2d 233 (1st Cir.1973) (whether a complaint presents a substantial federal question cannot be relitigated "regardless of whether the prior decision is deemed to be on the merits or merely 'jurisdictional' "); that judicial jurisdiction was defeated by the need to resort to administrative remedies, *Acree v. Air Line Pilots Ass'n,* 390 F.2d 199 (5th Cir.1968), *cert. denied,* 393 U.S. 852, 89 S.Ct. 88, 21 L.Ed.2d 122 (1968) ("nonmerits judgment of this type, whether its abating effect be termed direct estoppel ... or simply res judicata, is conclusive as to matters actually adjudged"); and that facts required to support diversity jurisdiction did not exist, *Napper,* 500 F.2d at 634.

*Napper* involved a claim of alleged legal malpractice. Following a hearing on a motion to dismiss based on lack of diversity jurisdiction, an Arkansas federal district court found both parties were citizens of Texas. Although plaintiffs claimed Arkansas residence, the court determined, at the time plaintiffs filed their complaint and after, plaintiffs had the intention to return to Texas where they owned property. Plaintiffs later filed an amended complaint in Texas, again asserting Arkansas citizenship and diversity jurisdiction. The Texas court held that di-

rect estoppel "precludes the plaintiffs from successfully asserting diversity jurisdiction ... [and] will not permit matters actually litigated and determined between the same parties in one proceeding to be relitigated." *Napper,* 500 F.2d at 636.

■ The case at bar involves a similar situation. Essentially the same parties have brought actions involving the same transactions and occurrences, the same operative facts, and the same claims and counterclaims in two venues. The issue of CCR citizenship, dispositive of the issue of diversity jurisdiction, has been decided by the California court. Direct estoppel prevents this Court from reconsidering or relitigating that issue.[5]

Plaintiffs argue at length that the California court failed to give the jurisdictional issue full evidentiary attention, citing particularly the fact that this Court had allowed a period for discovery in aid of jurisdiction, which the California court did not, and arguing they were thus denied procedural due process.[6] Governed by direct estoppel, however, this Court considers neither the method nor the basis of the California jurisdictional decision. "With the soundness of the decision we are not here concerned. It is enough that the court did not ... reach its decision by merely assuming the point in issue, or by deeming itself concluded by the fact that the trial court took jurisdiction." *American Surety Co.,* 287 U.S. 156, 165–66, 53 S.Ct. 98, 101, 77 L.Ed. 231 (1932). It is immaterial that the first judgment may have been erroneous. *Acree,* 390 F.2d 199, 203 (citing *Estevez v. Nabers,* 219 F.2d 321 (5th Cir.1955), *Catholic Society of Religious & Literary Education v. Madison County,* 74 F.2d 848 (4th Cir.1935)). That this Court does not review the correctness of the first court's decision also is the proper rule. Otherwise, this Court would be

5. That the first deciding court was a sister federal district court is not relevant to the decision reached here. Direct estoppel would similarly apply had the issue first been decided in a state court, but in the same action. *See American Surety Co. v. Baldwin,* 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932).

6. The Court notes that Plaintiffs here (California defendants) filed before the California court 1) a memorandum of points and authorities in sup-

port of their opposition to remand; 2) a ninety (90) page compendium of exhibits and declarations in support of their opposition to remand, which included nine (9) affidavits; 3) a sur-reply specially authorized by the California court; and 4) two additional affidavits. The California court had substantial evidence before it when it made this decision; however, the quantity and quality of that evidence play no part in this Court's decision.

called to sit in an appellate capacity over the California federal district court, which clearly it may not do.

### III.   CONCLUSION

The Court finds and concludes that it is barred by direct estoppel from relitigating the issue of CCR's citizenship. Therefore, because Plaintiff CCR and Defendant White are both citizens of California, complete diversity is lacking. Accordingly, the Court **GRANTS** Defendant's motion to dismiss for lack of subject matter jurisdiction. Recognizing that dismissal for lack of jurisdiction is not dismissal on the merits sufficient to make an entire subsequent action *res judicata*, Wright & Miller § 1350, but is conclusive only as to matters actually adjudged, the case is **DISMISSED without prejudice**. All pending motions are **DENIED** as moot.

The Clerk is directed to send a copy of this Memorandum Order and Opinion to counsel of record.