IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40203
Summary Calendar
_____

K U, a minor by and through his father as next friend,
Michael U,

                    Plaintiff-Appellant,

v.

ALVIN INDEPENDENT SCHOOL DISTRICT; VIRGIL TIEMANN,

                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(G-97-CV-56)
_____

December 18, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-appellant K.U. (K.U.), a minor, brought this
action alleging violations of his rights under the Rehabilitation
Act of 1973, 29 U.S.C. § 794, the Due Process and Equal
Protection Clauses of the U.S. and Texas Constitutions, and the
First Amendment.  K.U. appeals the district court's dismissal of
his claims.  We construe the district court's order as granting
summary judgment and affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL & PROCEDURAL BACKGROUND

K.U. is a student at Alvin High School in defendant-appellee Alvin Independent School District (AISD). K.U. sustained a traumatic brain injury in June 1991, causing him to suffer from frontal lobe syndrome. Despite this disability, K.U. continued to make passing grades after his accident and has received an education in regular classrooms. While K.U. does not have a "learning disability," he does have reduced self-restraint capacity and problems with behavior such as impulsivity. AISD convened meetings to address K.U.'s situation and developed an accommodation plan for K.U. on February 15, 1995.

K.U. alleges that AISD failed to fully implement or comply with the accommodation plan, and K.U.'s parents actively protested AISD's purported compliance failures to AISD. These alleged failures included incidents where, despite a notice requirement in the plan, his parents were not notified by teachers subjecting K.U. to discipline. In addition, K.U.'s parents complained that a band director had made a comment implying K.U. was brain damaged, requested that his teachers be trained by a specialist they had consulted regarding K.U.'s disability, and objected to his removal from an advanced English class.

K.U. filed this action in state court in January 1997 alleging that AISD violated the Rehabilitation Act of 1973, 29 U.S.C. § 794, by failing to fully implement or comply with K.U.'s accommodation plan, thereby denying him a free appropriate public

2

education.  K.U. further alleged that AISD violated his due process and equal protection rights under both the United States and Texas Constitutions by failing to correctly implement the accommodation plan, and that AISD violated his First Amendment rights by retaliating against K.U. based on protected speech made by his parents.  AISD removed the action to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1441(b).

In August 1997, a § 504 hearing was held pursuant to 34 C.F.R. §104.36[1] to determine if AISD had failed to provide K.U. a free appropriate public education under the Rehabilitation Act. The hearing officer found that AISD personnel "exercised good faith in the implementation" of the accommodation plan, that the accommodations allowed K.U. to receive a free appropriate education, and that K.U. had failed to show that AISD acted with an intent to discriminate or used gross misjudgment in the development and implementation of the accommodation plan.  The

---

[1]  34 C.F.R. § 104.36 provides:

A recipient [of Federal financial assistance] that operates a public elementary or secondary education program shall establish and implement, with respect to actions regarding the identification, evaluation, or educational placement of persons who, because of handicap, need or are believed to need special instruction or related services, a system of procedural safeguards that includes notice, an opportunity for the parents or guardian of the person to examine relevant records, an impartial hearing with opportunity for participation by the person's parents or guardian and representation by counsel, and a review procedure. Compliance with the procedural safeguards of section 615 of the Education of the Handicapped Act is one means of meeting this requirement.

hearing officer denied all relief requested by K.U.

AISD filed a motion entitled "motion to dismiss and/or for summary judgment" on December 1, 1997, attaching the hearing officer's report as an appendix. K.U. filed a "response to defendant's motion to dismiss and/or for summary judgment" on December 10, 1997, attaching affidavits by each of K.U.'s parents. The district court dismissed K.U.'s suit for failure to state a claim upon which relief may be granted and entered final judgment on January 6, 1998. See K.U. v. Alvin Indep. Sch. Dist., 991 F. Supp. 599 (S.D. Tex. 1998). K.U. timely appealed.

### III. DISCUSSION

K.U. argues that the district court erred in dismissing his claim under the Rehabilitation Act because the defendants-appellees failed to adequately meet K.U.'s individual educational needs and the accommodation plan completely misunderstood K.U.'s condition. K.U. contends the district court erred in dismissing his constitutional claims because he was deprived of a free appropriate education, was treated differently than other children at his school, and suffered retaliation for the exercise of protected speech. K.U. further alleges that the district court erred in finding that defendant-appellant Virgil Tiemann had immunity and dismissing K.U.'s claims against him.[2] We

---

[2] We agree with the district court that K.U. completely failed to allege any facts that state a claim against Virgil Tiemann, and we affirm its dismissal of claims against him on that ground. See Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986) ("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged.");

4

address these arguments in turn.

## A.   Standard of Review

Where matters outside the pleadings are "presented to and not excluded by the court" and the district court grants a motion styled as a motion to dismiss, we review the order as an order granting summary judgment.  Fed. R. Civ. P. 12(b); see Baker v. Putnal, 75 F.3d 190, 197 (5th Cir. 1996); Washington v. Allstate Ins. Co., 901 F.2d 1281, 1283-84 (5th Cir. 1990).  Because the defendants-appellees included matters outside the pleadings in their motion, and the district court considered the material in its order dismissing K.U.'s claims, the district court in fact converted the motion into a motion for summary judgment under Rule 56.  See Fed. R. Civ. P. 56; Washington, 901 F.2d at 1284.

Before reviewing the district court's disposition of K.U.'s claims as a grant of summary judgment, however, we must first determine whether K.U. has been afforded the procedural protections of Rule 56.  See Washington, 901 F.2d at 1284. Under Rule 56(c), after the court accepts matters outside the pleadings, the nonmovant must have ten days notice to respond and submit additional evidence.  See Fed. R. Civ. P. 56(c); Washington, 901 F.2d at 1284.  After reviewing the docket, we conclude K.U. had proper notice under Rule 56.  AISD filed its motion on December 1, 1997, K.U. filed a response and submitted

---

Strickland v. Holiday RV Superstores, Inc., 817 F. Supp. 951, 953 (M.D. Fla. 1993), aff'd, 28 F.3d 115 (11th Cir. 1994) (dismissing claims against certain defendants because complaint "fails to link" those defendants with the alleged wrongs).

affidavits on December 10, 1997, and the court did not enter judgment until January 6, 1998. K.U. therefore had sufficient notice that the court could treat the motion as a motion for summary judgment.

We review a grant of summary judgment de novo. See Tolson v. Avondale Indus., Inc., 141 F.3d 604, 608 (5th Cir. 1998). We first consult the applicable law to determine the material fact issues. See Baker, 75 F.3d at 197-98. "We then review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party." Id. at 198. Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

B. The Rehabilitation Act

K.U. alleges that the district court erred in its interpretation of his claims under § 504 of the Rehabilitation Act of 1973, as amended, which provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794. Regulations promulgated pursuant to this section provide that recipients operating a

6

public elementary or secondary education program "shall provide a free appropriate public education to each qualified handicapped person" that is "designed to meet individual educational needs of handicapped persons as adequately as the needs of nonhandicapped persons are met and [is] based upon adherence to procedures" satisfying the regulations.  34 C.F.R. § 104.33.

K.U. argues that AISD failed to provide him a free appropriate public education because the "only '504 plan' used at all by [AISD] showed a complete misunderstanding of [K.U.'s] condition . . . . [and AISD's] counsel has admitted the [p]lan was never implemented."  K.U. further alleges that a meeting was convened where his parents were not present and AISD "refused to consider the expertise" of a specialist his parents had consulted.

K.U. and AISD both assert that a plaintiff seeking recovery under § 504 must not only demonstrate that there was a failure to provide an appropriate education, but also must show bad faith or gross misjudgment by the defendant.  See Monahan v. Nebraska, 687 F.2d 1164, 1170-71 (8th Cir. 1982).  The district court correctly noted that this circuit has not adopted this requirement in § 504 cases.  Nevertheless, we will apply the standard without adopting it because the arguments of both parties are explicitly predicated on it and no party has argued that it is not the correct standard.[3]  See Melton v. Teachers Ins. & Annuity Assoc.,

_____

[3] The district court states in dicta that we have required intentional discrimination for recovery under § 504.  See K.U. v. Alvin Indep. Sch. Dist., 991 F. Supp. 599, 603 n.5 (citing Marvin

114 F.3d 557, 561 (5th Cir. 1997) ("[I]ssues not raised or argued in the brief are considered waived and thus will not be noticed or entertained by this Court on appeal."). The district court carefully considered each of the factual allegations contained in K.U.'s voluminous complaint and found that the facts presented failed to demonstrate either bad faith or gross misjudgment. We agree.

K.U. offers no evidence that the accommodation plan that AISD adopted was not implemented. See Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) ("[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment."). Furthermore, K.U.'s complaint alleges that the accommodation plan that AISD adopted in February 1995 was implemented but that his teachers were working from an incomplete plan or did not fully comply with the plan. K.U.'s complaint and the affidavits of his parents set forth a number of alleged incidents where K.U.'s teachers did not fully comply with the plan, but none of these suggest AISD acted in bad faith or with gross misjudgment. See Monahan, 687 F.2d at 1170 ("We do not read § 504 as creating general tort liability for educational malpractice."); Brantley v. Indep. Sch. Dist. No. 625, 936 F.

H. v. Austin Indep. Sch. Dist., 714 F.2d 1348, 1357 (5th Cir. 1983)). In Marvin H., we only considered the recovery of damages under § 504. See Marvin H., 714 F.2d at 1356 (stating that "the issue before the court is whether [plaintiffs] are entitled to damages" under § 504). As stated above, we need not adopt a standard for plaintiffs seeking injunctive or declaratory relief under § 504.

8

Supp. 649, 657 (D. Minn. 1996) (finding that without evidence of bad faith or gross misjudgment, alleged failures to implement student's individualized education program "were, at most, errors in professional judgment" and not actionable under § 504). We agree with the district court that K.U. fails to raise a genuine issue of material fact indicating bad faith or gross misjudgment by AISD in implementing his accommodation plan.

K.U.'s contentions that AISD discussed his situation at a meeting outside his parents' presence and that AISD refused to use an expert selected by K.U. to instruct his teachers on his disability also fail to raise genuine issues of material fact. It is true that the procedural safeguards set forth in the regulations include the right to an impartial hearing with the opportunity for parental participation. See 34 C.F.R. § 104.36. However, K.U.'s parents requested and participated in such a hearing in August 1997. K.U. offers no factual or legal support suggesting that his parents' attendance was required at other meetings where K.U. may have been discussed, or that AISD was required to use his suggestion in choosing an instructor on his disability. We therefore agree with the district court that neither of these allegations suggests bad faith or gross misjudgment.

C. Due Process Claims

K.U. alleges that the district court erred in dismissing his due process claims because he was denied his property interest in an adequate and free public education, he was denied an adequate

hearing at which witnesses could be cross-examined, and his band instructor's reference to brain damage "rises to a level meriting Constitutional protection."  We agree with the district court that K.U. fails to demonstrate any genuine issue of material fact suggesting he was denied due process under either the United States or Texas Constitutions.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  In an action under 42 U.S.C. § 1983 asserting a due process violation, a plaintiff must prove that he was deprived of a constitutionally protected life, liberty, or property interest, and then identify a state action that resulted in a deprivation of that interest.[4]  See Blackburn v. City of Marshall, 42 F.3d 925, 935 (5th Cir. 1995).

K.U.'s due process argument is simply another iteration of his Rehabilitation Act claim and it fails for the same reason: there is no evidence that AISD violated the Rehabilitation Act by denying K.U. a free appropriate public education or that he was

_____

[4] The Texas Constitution similarly protects both property and liberty interests.  See Tex. Const. art. I, § 19 ("No citizen of this State shall be deprived of life, liberty, property, privileges or immunities . . . except by the due course of the law of the land.").  While K.U. alleges that he derived protected interests from AISD policies and state law, he fails to describe or assert these rights except as they exist under the Rehabilitation Act.  We therefore need not consider K.U.'s alleged deprivation of due process under the Texas Constitution separately because he has the same interests under the U.S. Constitution and its procedural due process protections "are congruent" with those in the Texas Constitution.  Price v. City of Junction, 711 F.2d 582, 590 (5th Cir. 1983).

10

denied an adequate hearing at which witnesses could be cross-examined. Additionally, K.U.'s allegation that his band director deprived him of due process rights by remarking on brain damage fails to support K.U.'s due process claim even if the remark did refer to K.U. because (assuming, without deciding, that one remark can amount to a stigma) "the infliction of a stigma . . . without more, does not infringe upon a protected liberty interest." Id. (citing Paul v. Davis, 424 U.S. 693, 710-11 (1976)). We therefore find that K.U. failed to raise a genuine issue of material fact suggesting he was denied due process under the United States or Texas Constitutions.

### D. Equal Protection

K.U. argues that the district court improperly dismissed his claims under the equal protection provisions of the United States and Texas Constitutions because K.U. was a child in a public school and was treated differently from other children at his school. While the Equal Protection Clause of the United States Constitution requires similar treatment of all persons similarly situated, it is well-established that it is violated only by intentional discrimination that classifies or distinguishes between two or more relevant persons or groups. See U.S. Const. amend. XIV, § 1; Vera v. Tue, 73 F.3d 604, 609 (5th Cir. 1996).

K.U. fails to suggest any factual basis for his equal protection claim. K.U.'s appellate brief merely alleges that he was treated differently from other children at AISD, suggesting no basis for this conclusion and providing no indication that

11

such treatment was the result of intentional discrimination. While a generous reading of his complaint and affidavits indicates that K.U. believes he was mistreated in retaliation for his parents' assertive speech, K.U. does not allege this as the basis for his equal protection claim and provides no evidence and makes no allegations as to how other children at his school were treated. We therefore agree with the district court that K.U. fails to raise a genuine issue of material fact supporting his equal protection claim and summary judgment for AISD on this claim was proper.[5]

## E.  First Amendment

K.U. alleges that the district court erred in evaluating his claims under the First Amendment because he is not asserting the rights of his parents, but rather is asserting is own right to be free from retaliation for speech about matters of public concern. K.U.'s argument fails, however, because there is no evidence (and K.U. has not alleged) that K.U. was retaliated against for his own speech on matters of public concern, and thus there is no evidence that his own First Amendment rights were chilled by AISD's conduct. See Warth v. Seldin, 422 U.S. 490, 499 (1975) ("[T]he plaintiff generally must assert his own legal rights and

---

[5]  K.U.'s claim fares no better under the equal protection clause of the Texas Constitution. See Tex. Const. art. I, § 3 ("All free men . . . have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services."); Reid v. Rolling Fork Pub. Util. Dist., 979 F.2d 1084, 1089 (5th Cir. 1992) (finding that "the same requirements are applied to equal protection challenges under the Texas Constitution as to those under the United States Constitution").

interests, and cannot rest his claim to relief on the legal rights or interests of third parties."); <u>Penney v. Town of Middleton</u>, 888 F. Supp. 332, 337 (D.N.H. 1994) (citing <u>Dohaish v. Tooley</u>, 670 F.2d 934, 936-37 (10th Cir. 1982)) (dismissing students' § 1983 claim alleging school district retaliated against them for their parents' speech and conduct). K.U. therefore fails to raise a genuine issue of material fact that his own First Amendment rights were infringed and summary judgment was properly awarded.

### III. CONCLUSION

For the foregoing reasons, we find that the district court was correct to grant summary judgment in favor of defendants-appellees. The judgment is AFFIRMED.

13