[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11439
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00149-TJC-JRK


RICHARD B. GOODIN, SR.,

Plaintiff-Appellant,

versus

FIDELITY NATIONAL TITLE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 4, 2012)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Richard B. Goodin, Sr., proceeding *pro se*, appeals the dismissal of his

complaint and the denial of his motion for declaratory action for lack of subject matter jurisdiction under 28 U.S.C. § 1332.  On appeal, Goodin argues that his claims met the jurisdictional amount enumerated in § 1332, and the district court, therefore, should not have dismissed his complaint or denied his motion for declaratory action.  Fidelity National Title Insurance Company ("Fidelity") argues that we should strike Goodin's brief because he failed to identify errors in the district court's order.  For the reasons set forth below, we affirm the district court's dismissal of Goodin's complaint and denial of the motion for declaratory action.

## I.

Goodin purchased a house in Hawaii, for which he obtained title insurance through Fidelity.  Soon after purchasing the insurance policy, Goodin asked Fidelity to represent him in Hawaii state court lawsuits regarding a dispute over the title.  Fidelity refused to represent Goodin.  Nonetheless, Goodin ultimately prevailed in the state court lawsuits, and Goodin was awarded title to the property.

Goodin subsequently filed a complaint in the Federal District Court for the District of Hawaii, case number 07-cv-74-DAE-BMK, in which he sued Fidelity, three attorneys, and one law firm.  Goodin alleged that: (1) Fidelity had breached its contract with Goodin by refusing to represent him; (2) two of the attorneys had committed legal malpractice; and (3) two of the attorneys and the law firm had

2

each committed fraud and conspiracy to commit fraud when attorney Jade Lynne Ching had filed a Notice of Pendency of Action ("NOPA"), which would prevent Goodin from selling the house. Goodin alleged that the court had jurisdiction under § 1332.

At a hearing, Fidelity moved to dismiss the action before the district court in Hawaii for lack of subject matter jurisdiction. In a written order, the court dismissed the action, without prejudice, for lack of jurisdiction. The District Court of Hawaii found that Goodin's damages as to his breach of contract claim totaled $34,705.40. That total included attorneys' fees and other costs and expenses. Goodin had not alleged any consequential damages, and neither damages for emotional distress nor punitive damages were recoverable for a breach of contract claim. Additionally, as Goodin had not lost the house, the purchase price of the house could not be considered in determining whether the jurisdictional amount had been met. Next, the court found that Ching had filed a NOPA on the property in June 2006, but the couple living in the house had filed a NOPA on the property four months earlier, in February 2006. Thus, the NOPA that Ching filed did not change any circumstances in the property dispute and could not have proximately caused Goodin's damages. Goodin also had not shown that he was entitled to punitive damages on his malpractice or fraud claims. Accordingly, the court

3

found that the amount in controversy was $34,705.40, which did not meet the minimum required for diversity jurisdiction under § 1332.

Goodin unsuccessfully appealed to the Ninth Circuit. *Goodin v. Fid. Nat'l Title Ins. Co.*, 370 F. App'x 789, 790 (9th Cir. 2010) (unpublished). In affirming the district court's order, the Ninth Circuit did not consider the dismissal for lack of subject matter jurisdiction because Goodin had failed to offer argument on the issue. *Id.*

Following his unsuccessful appeal to the Ninth Circuit, Goodin filed a complaint in the instant case. In this case, Goodin named only Fidelity as a defendant. He asserted that Fidelity's refusal to defend him in the state court lawsuits constituted a breach of contract and bad faith. Goodin further asserted that Fidelity had recommended Ching as an attorney for Goodin and that Ching's filing of the NOPA constituted fraud, legal fraud, and legal malpractice. Goodin asserted that the court had jurisdiction under § 1332, and he noted that the value of his insurance policy with Fidelity was $125,000.

Fidelity filed a motion to dismiss, arguing, among other things, that Goodin had failed to state a claim that the jurisdictional amount enumerated in § 1332 was satisfied. Goodin responded that he met the amount in controversy requirement because the value of his insurance policy was $125,000, which exceeded the

4

$75,000 minimum in § 1332.  Goodin then filed a motion for declaratory action under 28 U.S.C. § 2201.

The district court granted Fidelity's motion to dismiss and denied Goodin's motion for declaratory action.  The court explained that the District Court of Hawaii had determined that Goodin suffered $34,705.40 in damages on his breach of contract claim.  Since that time, Goodin had not lost his house or suffered other damages.  Thus, his out-of-pocket expenses remained $34,705.40, and he had not met the $75,000 amount in controversy threshold.  The district court rejected Goodin's argument that the value of his policy with Fidelity—$125,000—satisfied the amount in controversy requirement because Goodin did not seek the value of the policy.  Rather, he sought only damages resulting from Fidelity's failure to defend him.

Additionally, the court rejected any claim for mental anguish damages because Goodin's allegations of mental anguish were "impermissibly vague."  The court noted that it closely scrutinized claims of jurisdiction based on intangible damages.  Here, Goodin had won his property action in state court, and he had not alleged a specific injury related to mental anguish.  Goodin also had not identified any financial costs. As to the NOPA, the District Court of Hawaii had determined that there was no evidence that Ching had intended to injure Goodin, there was no

5

evidence that the NOPA had injured Goodin, and any limitations on Goodin's ability to sell the house were not caused by the NOPA that Ching filed because another NOPA had been filed four months earlier.  In the instant case, Goodin had not alleged any new facts that would require a different conclusion.  Finally, the court determined that Goodin's allegations did not support a claim for punitive damages under Florida law.

As to the motion for declaratory action, the court found that the motion sought the same relief as the amended complaint.  Therefore, the court also did not have subject matter jurisdiction over the declaratory judgment action.  Based on the above, the court dismissed the amended complaint and denied the motion for declaratory action because the court lacked subject matter jurisdiction over both matters.  Goodin timely appealed.

## II.

We review rulings on subject matter jurisdiction *de novo* and factual findings for clear error.  *See MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).  We may affirm on any ground supported by the record.  *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012).  A *pro se* litigant's brief is read liberally, but issues not

6

briefed on appeal are abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

A federal court has diversity jurisdiction over an action where: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the parties are citizens of different states.  28 U.S.C. § 1332(a)(1).  When a federal court in a diversity case considers the effect of issue preclusion, based on a prior federal judgment, the court applies federal common law.  *CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1316 (11th Cir. 2003).  Issue preclusion prevents parties from relitigating an issue that has already been litigated and decided.  *Id.* at 1317.  Four requirements must be met for issue preclusion to apply: (1) the issue is identical to the issue from the prior litigation, (2) the issue was actually litigated in the prior case, (3) the prior determination of the issue was "a critical and necessary part of the judgment in that action," and (4) the party against whom issue preclusion is asserted "had a full and fair opportunity to litigate the issue in the earlier proceeding."  *Id.* (quotations omitted).

In *Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634 (5th Cir. 1974), the plaintiffs first filed an Arkansas state court lawsuit against Texas defendants.  *Id.* at 635.  The defendants removed the case to federal court in

7

Arkansas, and the plaintiffs subsequently filed a second lawsuit, raising the same claims and relying on diversity jurisdiction, against the defendants in federal court in Texas. *Id.* The federal court in Arkansas determined that there was no diversity of citizenship and, therefore, remanded the case to the state court. *Id.* at 635-36. The federal court in Texas then dismissed the plaintiffs' suit in that court for lack of jurisdiction. *Id.* at 637. That dismissal was proper under the doctrine of issue preclusion. *Id.* at 636-37. Neither the legal standards applied by, nor the factual findings of, the federal court in Arkansas could be relitigated. *Id.* at 636 n.4. To sustain federal jurisdiction in federal court in Texas, the plaintiffs were required to prove that they had become diverse from the defendants between the date when the Arkansas case was removed and the date when they filed their complaint in Texas. *Id.* at 637. Because the plaintiffs had not shown a change of citizenship during that time period, despite having the opportunity to do so, the federal court in Texas had properly dismissed the case for lack of jurisdiction. *Id.*

As an initial matter, we decline to strike Goodin's brief. Reading Goodin's *pro se* brief liberally, he sufficiently raised and addressed the district court's dismissal for lack of jurisdiction based on a failure to meet the amount in controversy requirement. *See Timson*, 518 F.3d at 874.

The district court did not err in dismissing Goodin's case for lack of subject

8

matter jurisdiction.  The question of whether Goodin has met the amount in controversy requirement of § 1332 has already been litigated, and it is, therefore, barred by the doctrine of issue preclusion.  *See CSX Transp., Inc.*, 327 F.3d at 1317.  First, the amount in controversy issue in the instant case is identical to that issue in the case before the federal district court in Hawaii.  *See id.*  In his federal case in Hawaii, Goodin raised claims for breach of contract, legal malpractice, legal fraud, and conspiracy to commit fraud, all arising out of the defendants' actions in Goodin's state court cases regarding the title to his house.  In the instant case, arising out of the same state court lawsuits in which Goodin defended his right to the title, Goodin alleged that Fidelity was liable for breach of contract, bad faith, fraud, legal fraud, and legal malpractice.  Although Goodin has limited the instant lawsuit to a single defendant, Fidelity, and amended the labels given to his claims, the substance of his claims has not changed since his first federal lawsuit. Nor has Goodin alleged new wrongs that might have caused him to suffer increased damages.  Accordingly, the district court's consideration of whether Goodin met the amount in controversy required by § 1332 was identical to the consideration of that issue by the federal court in Hawaii.

Second, the amount in controversy was actually litigated in the prior case during a hearing, after which the court issued a written order.  *See CSX Transp.,*

9

*Inc.*, 327 F.3d at 1317.  Third, the prior determination as to the amount in controversy was critical to the Hawaii federal court's judgment because it was on that basis that the court dismissed the suit.  *See id.*  Finally, Goodin had a full and fair opportunity to litigate the jurisdictional issue at the hearing held by the District Court of Hawaii.  *See id.*

Because all four requirements for issue preclusion have been met, Goodin could not relitigate the amount in controversy issue unless he could prove a change in that amount between the filing of his first federal lawsuit and the filing of the instant lawsuit.  *See Napper*, 500 F.2d at 637.  Goodin offered no proof that he incurred additional damages since he filed his first federal lawsuit.  Therefore, the amount in controversy remains $34,705.40, as the federal court in Hawaii originally found.  As $34,705.40 does not exceed $75,000, Goodin did not meet the amount in controversy requirement of § 1332, and the district court did not err in dismissing the case for lack of subject matter jurisdiction.

### III.

The Declaratory Judgment Act, 28 U.S.C. § 2201, does not confer jurisdiction upon a federal court.  *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989).  Thus, a suit brought under the Declaratory Judgment Act must have an independent source of jurisdiction, such as diversity jurisdiction.  *Id.*; *see also Fed. Election*

10

*Comm'n v. Reform Party of the U.S.*, 479 F.3d 1302, 1307 n.5 (11th Cir. 2007).

The district court properly denied Goodin's motion for declaratory action. Goodin's action relied on diversity jurisdiction, which, as discussed above, did not exist due to his failure to meet the amount in controversy requirement. Therefore, just as the court lacked jurisdiction to consider Goodin's claims, the court lacked jurisdiction to consider Goodin's request for relief under the Declaratory Judgment Act. *See Borden*, 881 F.2d at 1037.

For the foregoing reasons, we affirm the district court's dismissal of Goodin's complaint and denial of the motion for declaratory action.

**AFFIRMED.**

11